Dragoo vs. Levi.

CASE 44—PETITION ORDINARY—JUNE 29.

## Dragoo vs. Levi.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. An action for malicious arrest cannot be joined, though in separate paragraphs, with an action for slander.

2. The misjoinder of two causes of action is no ground of demurrer; but the plaintiff may, on motion, be required to elect which he will prosecute, and, on his failure to do so, the court should strike out one of the causes of action, and, if the plaintiff then refuse to proceed, the petition should be dismissed.

T. W. RILEY, for appellant, cited 3 *N. Y. Code Rep.*, 218.

G. A. & I. CALDWELL for appellee.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

It seems to us that the cause of action set out in the first paragraph of the petition is for malicious arrest and false imprisonment of the plaintiff, an injury to his person; and that the second paragraph is for an injury to his character, or, in other words, it is in slander, and, according to *section* 111, *C. C.*, the two paragraphs present such causes of action as cannot be joined; which, however, is not a cause of demurrer to the petition; but appellee moved the court to strike from the petition one of the paragraphs, and to require appellant to elect under which one he would proceed. The court overruled the motion to strike from the petition either of said paragraphs, but adjudged that he should elect under which one he would proceed. He declined to make the election and, as the record shows, the court then sustained the demur-

rer, and again offered the appellant the privilege of electing under which paragraph he would proceed, and he again declined to make the election.

As there was a misjoinder of the causes of action, and appellant declined to proceed to the trial, unless permitted to proceed under both paragraphs, the court could at once have directed either of them to be stricken out; and if he then declined to proceed, he could have dismissed the petition without any formal disposition of the demurrer. The ruling of the court, therefore, was less rigid than the one herein suggested; and as he declined to avail himself of the privilege of electing which cause of action he would try, his petition was properly dismissed.

Wherefore, the judgment is *affirmed*.