CASE 13—ACTION TO RECOVER DAMAGES FOR FLOODING PREMISES—
OCT. 3.

# Bonte v. Postel, &c.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT, AND PLAINTIFF APPEALS. AFFIRMED.

TRESPASS—JOINT LIABILITY—FLOWAGE.

Held:    1. Where various property holders who ran water from their premises into an underground pipe, which ran into an open sewer along plaintiff's wall, flooding his premises, acted entirely independent of each other, none of them believing that any injury would result therefrom to plaintiff's property, they were not joint trespassers, and no one of them is liable for the acts of the others.

2. Kentucky Statutes, sec. 12, does not authorize a joint action for several trespasses, but only authorizes several verdicts and several judgments against each of several joint trespassers in a joint action.

3. It was no part of plaintiff's duty to protect his building against

Bonte v . Postel, &c.

water collected into artificial channels, and wrongfully cast upon it by defendants.

4. Appellant can not complain of the refusal to give an instruction the substance of which was embodied in an instruction already given.

JOE McCARROLL & A. P. CROCKETT, ATTORNEYS FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. The verdict and judgment below were flagrantly against the evidence.

2. An action will lie either jointly or severally against joint wrong-doers, and in either case each joint wrong-doer is liable for all the damages sustained by reason of the joint wrong. Cooley on Torts, page 133; Id., page 135; Webb's Pollock on Torts, page 230; 3 Lawson's Rights, Remedies & Practice, secs. 1041 and 1044 and numerous authorities cited in foot notes; 26 Am. & Eng. Enc. of Law, 682, *et seq.*, and numerous authorities cited in foot notes; 11 Bush, 265, United Society Shakers v. Underwood, &c.; 5 Dana, 299, · Elliott v. Porter; 2 Sneed (Tenn.), 210; Knott v. Cunningham; 5 Bush, 91, Sellards v. Zones; Kentucky Statutes, sec. 12; 10 L. R. A., 254.

3. It was prejudicial error in the court below to receive evidence tending to prove that the plaintiff *might* have so constructed his buildings or north wall as that it would have resisted without injury the unlawful trespass complained of, and to refuse to give "Instruction C," excluding same, as requested. 26 Am. & Eng. Enc. of Law, 575, and authorities cited: Title "Trespass."

HUNTER WOOD & SON, ATTORNEYS FOR APPELLEE, PETER POSTEL.

1. The verdict should be sustained because it is supported by a large preponderance of the testimony.

2. Surface water is a "common enemy," but if allowed to take its natural course and flows from the land of one property-owner, over the land of another, no damages can be recovered therefor, unless the act of man has contributed thereto.

3. In order to hold persons liable as joint trespassers for the acts of others, there must be proven concert of action, and co-operation among them. Livezey v. Schmidt, 96 Ky., 441: Jaggard on Torts, Vol. 2, p. 760; Mo. Pac. R. R. Co. v. Keys, 49 Am. State Rep., 249; Beatrice v. Leary, 50 Am. Rep., 546; Coss v. Dick, 53 Am. State Rep., 859; Bard v. Yohn, 26 Pa., 482; Ellis v. Howard, 17 Vt., 330; Gallagher v. Kummerer,, 144 Pa. St., 509-27; Am. Stat. Rep., 673; Little Schuylkill Co. v. Richards, 27 Pa. Stat. State Rep., 254; Little York Mining Co., 21 Alb. N. J., 49;

142; 98 Am. Dec., 209; Miller v. Highland Ditch Co., 22 Am. Blaisdell v. Stevens, 14 Nev.. 17; 33 Am. Rep., 523; Chipman v. Palmer, 77 N. Y., 51; 33 Am. Rep., 566.

JOHN FELAND AND DOWNER & RUSSELL, ATTORNEYS FOR APPELLEES.

### CLASSIFICATION.

1. Material facts alleged in the pleadings.
2. Verdict and judgment not sustained by evidence.
3. The instructions which were given: Ky. Stats., sec. 12; Livezey v. Schmidt, 96 Ky. Rep., page 441; United Society of Shakers v. Underwood, &c., 11 Bush, p. 265; Mo. Pac. R. R. Co. v. Keys, 49 Am. State Rep., p. 249; Beatrice v. Leary, 50 Amer. State Rep., p. 546; Cass v. Dicks, 53 Amer. State Rep., 859.
4. Instructions refused, Ferguson v. Terry, 1 B. Mon., p. 96; Blaisdell v. Stephens, 33 Amer. Rep., p. 523; Chipman v. Palmer, 33 Amer. Rep., p. 566; Miller v. Highland Ditch Co., 22 Amer. State Rep., p. 254; Gallagher v. Kemmerer, 27 State, Rep., p. 673.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

Appellant in this suit charges that the brick walls of his warehouse and carriage factory have been greatly damaged by water flowing from certain sewer and waste pipes unlawfully constructed by appellees for the purpose of conducting from their premises the surface and waste water accumulating thereon. Appellees deny that appellant's property has been damaged through any negligent or unlawful act on their part, and allege, by way of defense, that the house occupied by appellant stands on lower ground than theirs, and that the natural flow and drainage from the premises occupied by them is in the direction of and against plaintiff's house. They allege that the building occupied by appellant is across the mouth of an alley, in the rear of their premises, and that the city of Hopkinsville many years since caused a brick sewer to be built along the side of plaintiff's house, for the purpose of conducting surface water from the premises occupied by appellees and others to the main sewers of the town, and that the water

from the waste pipe emptied into this sewer; that appellant had made no efforts to protect his walls, but that, on the contrary, he had, by means of a gutter, conducted all of the water that fell on the north side of his house into the same sewer.   It is further alleged that the surface and waste water from all of the lots fronting on Main and Seventh streets was conducted into the sewer pipe which led into the alley, and that the water from their premises constituted only a small proportion of the total amount which flowed through this pipe.   The trial resulted in a verdict and judgment for defendants.     Appellant complains that both were flagrantly against the weight of evidence, and that the trial court erred in the instructions given to the jury, and in refusing those asked for by appellant.

The instructions given to the jury are as follows:

"(1) The court says to the jury that if they believe from the evidence that the defendants, or either of them, collected the waste water from their said business house, or the surface water from their lot, into pipes or ditches, and thus conducted the same on or against the house of appellant, and thereby the walls, floors, and joists of his house were damaged, then, in that event the defendants would be liable to the plaintiff for any actual damage he sustained by reason thereof, not exceeding the amount claimed in the petition.   Given.   Thomas P. Cook, Judge.

"(2) The court instructed the jury that, if the natural flow of water is on or over the lot of plaintiff, then it would be the duty of the plaintiff to protect himself against such natural flow of surface water, and the defendants would not be liable for any damage caused by such surface water, unless they so collected or changed its natural flow in such a way that the same flowed against appellant's

house in unusual quantities, or out of the natural way, and by reason of such collecting or change of flow the same was damaged as alleged in the petition. Given Thos. P. Cook, Judge.

"(3) The court further says to the jury that, if they believe from the evidence that the plaintiff is entitled to recover in this action then they will find such damages only against the party who caused the same, as set out in instruction No 1. Given. Thos. P. Cook, Judge.

"(4) The court further says to the jury that they can not in this action find against the defendants, or either of them, for any damages which accrued more than five years before the filing of this action, nor for any damages caused by others than defendants. Nine of the jurors may find a verdict in this case; but, if all do not agree to such verdict, then those so agreeing must sign it. Given. Thos. P. Cook, Judge.

As to each and every one of said instructions the plaintiff objected, and, the objections being overruled, excepted at the time, and still excepts.

And thereupon came the plaintiff, by attorney, and offered the following written instructions, to-wit:

"(a) The court instructs the jury that it is not necessary that the defendants should have done all the damage sustained by the plaintiff, if any, before they can be held liable, but if the plaintiff has sustained damage by reason of the negligent location of water pipes, by and through which quantities of water were from time to time collected and conveyed to, against, or under the plaintiff's building, and the walls, beams, joists, or floors of the same were damaged and injured thereby, and the defendants, or either of them, contributed to the said damage in any degree by connecting water pipes therewith and

conveying water through the same, then such defendant or defendants would be liable for damage, although he or they have contributed to the same a comparatively small extent. If, therefore, they believe from the evidence that the defendants, or either of them, within the time and at the place alleged in the petition, so carelessly and negligently constructed, located, or used drainage, waste, or water pipes, or permitted such pipes to be so located, constructed, or used, or connected any drainage, waste, or water pipes with any pipes so located, constructed, and used, as to collect, carry, and convey water to, against, or under plaintiff's carriage buildings, whereby his brick walls, floors, sills, or beams, or any of them, have been injured or damaged, or rendered unsafe or unhealthful, then such defendants or defendant are liable to the plaintiff for whatever damage he has sustained thereby, if any, without regard to the quantity of water that may have passed through defendants' said pipes, if any, from defendants' premises, provided the water passing through such pipe from defendants' premises contributed in any degree to the damage complained of, if any; and, in that event, the jury must find for the plaintiff the entire damages he has sustained during the period of five years prior to the bringing of this action, not exceeding the amount claimed in the petiton.　Refused.　Thos. P. Cook, Judge.

"(b) The court instructs the jury that if they believe from the evidence that the defendants, or either of them, exclusive of other persons, or in connection with others, did, within five years before the commencing of this suit, so carelessly construct or use their water pipes, either by themselves or in connection with other persons, if any, who had connected their water pipes therewith, as to collect and to convey water up to, against, or under plaintiff's said

building in such quantities as would naturally dampen, rot, and damage, age or injure plaintiff's said building, and the plaintiff was in fact damaged thereby, then such defendant or defendants would be liable in this action for the full amount of plaintiff's damage so caused, provided that he or they in any degree contributed to such damage or injury, if any, whether intentional or not. Refused. Thos. P. Cook, Judge.

"(c) The court further instructs the jury that they are not to consider any evidence showing, or tending to show, that plaintiff's carriage building might have been constructed so as to protect it from the flow of water conveyed against it by means of the sewers or other artificial means. Such evidence is not competent to be heard in this case for any purpose. Refused. Thos. P. Cook, Judge.

The building of appellant is situated on the southwest corner of the square which is bounded on the north by Seventh street, on the east by Main, on the south by Eighth street, and on the west by Water street. That part of the block which fronts on Main street is covered by business houses, which run back to a blind alley in the center of the block, which opens on Seventh street, but is shut off from Eighth street by the building of appellant, which extends beyond the mouth of the alley on that end. The lot on which appellant's building is located is the lowest level in the square, being about ten feet below the level of the lot occupied by appellees, and the surface water, when unobstructed, flows naturally thereon. To prevent this, the city of Hopkinsville many years since constructed an open sewer from the blind alley across a vacant lot to Water street. This open sewer is upon the north side of appellant's property, and about eight feet from it. Subsequently an underground pipe was laid through this blind

alley to the open sewer above referred to, which was tapped by connecting pipes from the premises of appellees and other property holders.   The following diagram, taken from the brief of appellant, more clearly illustrates the location of the building, alleys and sewers referred to:

It is the contention of appellant that appellees and the other property holders binding upon the alley have diverted the surface water from their premises into the underground sewer in the alley which empties into the open sewer north of his premises, leading to Water street, in such quantities as to flood his wall, or that the water thus collected seeped into his building through the intervening ground; that for this action he is entitled to maintain an action, either jointly or severally, against the alleged wrongdoers, and that each, when sued separately, is liable for all the damages sustained by reason of the misconduct of all; and that if the defendants, or either of them, contributed in any degree by conveying the water through the sewer, they are liable for all the damages sustained, although they may have contributed thereto in a very small degree.   It is the contention of appellees, on the other hand, that, to hold

persons liable as joint trespassers for the acts of others, there must be co-operation and concert of action which produces the injury complained of; that in cases where two or more persons act independently, and without co-opera- tion, in such trespass, one can not be charged with respon- sibility for the acts of the other.

The principle of law is well established that where two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or doing it at a time and under circumstances that fairly charge them with intending the consequences thereof, the law compels each to assume and bear the responsibility of the miscon- duct of all. See Cooley, Torts, p. 133. But where two or more persons acting independently, without concert, plans, or other agreement, inflict a damage or cause an injury to another person, one of such persons can not be held liable for the acts of the others. Authorities to support both propositions are abundant, and we are of opinion that this case belongs to the latter class, as there is no evidence con- ducing to show that the various property holders who ran water from their premises into the underground pipe in the alley which emptied into the open sewer which ran along appellant's wall either acted in concert in so doing, or believed that any injury would result therefrom to ap- pellant's property. Each acted entirely independent of the others. The case relied on by appellant to support his contention belong to the first class, and there are num- erous and very respectable authorities which support the latter proposition. Black's Law Dictionary defines "joint trespass" as "two or more persons who unite in committing a trespass." And in the case of Ferguson v. Terry, 1 B. Mon., 96, it was held "that none were liable for trespass committed by others unless they gave authority, command,

or assent to it." The proof showed in this case that the
trespassers were separate and distinct.   In Bard v. Yohn,
26 Pa. St., 482, it was held "that where two persons acted
each for himself, so as to produce an injury to the plaintiff,
they could not be sued as joint trespassers, unless it ap·
pear that they acted in concert." In Ellis v. Howard, 17 Vt.,
320, the court said:   "There must be a privity between the
wrongdoers in order that each may be held responsible for
the whole of the damages."   In Gallagher v. Kemmerer,
144 Pa. St., 509, (22 Atl., 970), which was an action to re-
cover damages for injuries to plaintiff's land for deposits·
of mine water and dirt accumulating thereon from the de-
fendant's operation on a creek having its source some four
or five miles off in the mountains above plaintiff's land,
it appeared in the proof that the Highland Coal Company
had been mining coal several miles above on the same
stream, and that this company, as well as defendant, dump-
ed the refuse of its mines directly into the creek.   The court
said:   "It is true that the injury complained of may have
been caused in part by the operations of the Highland Coal
Company, conducted contemporaneously with the opera-
tions of defendant's mines, and that it would be difficult,
if not quite impossible, to separate and ascertain, definite-
ly and certainly, the proportion of the whole damage done
by each of these operations respectively.   But these sever·
al operations were entirely independent of each other. They
were wholly distinct and separate.   There was no concert
of action or common purpose or design which would sup-
port the theory of joint injury."   In the case of Coal Co.
v  Richards' Adm'rs, 57 Pa. St., 142, which was a case in
which the milldam of the plaintiff had been filled by the
deposit of coal dirt from different mines, which had been

washed down by the stream from the mines above of several owners, the plaintiff sought to charge the defendants below with the whole injury caused by filling up his basin; the substance of the complaint being that if at the time the defendants were throwing coal dirt into the river the same was being done at the other collieries, and the defendants knew of this, they were liable for the combined result of the series of deposits of dirt from the mines above. In this case the court held that, where a tort was severally committed without concert with others at the time of commission, it did not afterward become joint because its consequence united with other consequences; that without concert of action no one suit could be maintained against the owners of the collieries. They support the conclusions reached in that case with numerous authorities. In the case of Miller v. Ditch Co., 87 Cal., 430, (25 Pac., 550), the plaintiff was the owner of a tract of land near where a canyon came out of the mountains, but did not reach his land, and naturally the waters of the canyon would not flow upon his land; but defendants, by means of different ditches, turned foreign water into the canyon, and the commingling water from said ditches passed through said canyon, and by cutting new channels, etc., flowed out on plaintiff's land, covering part of it with sand and debris. The ditches were not owned jointly by all of the defendants. Each ditch was operated by part only of the defendants, who had no interest in the other ditches. In that case the court said: "It is clear that the rule, as established by the general authorities, is that an action at law for damages can not be maintained against several defendants jointly when each acted independent of the action of the other, and there was no concert or unity of design between them. . . . The tort of each defendant

was several when committed, and did not become joint because afterwards its consequences united with the consequences of several other torts committed by other persons. . . . If it were otherwise, . . . one defendant, however little he may have contributed to the injury, would be liable for all the damage caused by the wrongful acts of all the others, and would have no remedy against them because no contribution can be enforced between joint feasors." These authorities, we think, very conclusively establish the doctrine that without a common intent and co-operation there can be no joint liability in the commission of several trespasses, and section 12 of the Kentucky Statutes does not change the common law of proceeding, or authorize a joint action for several trespasses, but only authorizes several verdicts and several judgments against each of the several joint trespassers in a joint action. See Ferguson v. Terry, 1 B. Mon., 96; Henry v. Sennett, 3 B. Mon., 311.

Appellant also complains that the court erred in failing to specially call the attention of the jury to the fact that it was no part of his duty to have protected his building against water collected into artificial channels, and wrongfully cast upon it by appellee. "Of course, it is an actionable injury for one to collect surface water and cast it in a body upon a neighboring proprietor, and it is no part of the duty of the person so injured to expend a dollar or do any act to secure for himself the exercise or enjoyment of the legal right of which he is deprived by reason of the wrongful act of another." See Wood, Nuis. (2d Ed.) 506, and cases cited.

And the instructions given to the jury lay down these propositions, and it would have been mere surplusage to have added instruction "c," asked by appellant.

It is also contended that the verdict is flagrantly against the weight of evidence, and that appellant is entitled to reversal on this account. The testimony as to the alleged injury, and the cause thereof, is decidedly conflicting, and it appears to us that there is ample proof to sustain the verdict of the jury. For reasons indicated, the judgment is affirmed.