CASE 59—ACTION FOR AN ACCOUNTING OF W. I. HILTON'S ADMINISTRATOR, ETC—APRIL 17.

# Hilton and Others v. Hilton's Admr. and Others.

### APPEAL FROM SIMPSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. AFFIRMED.

JOINDER OF ACTIONS—ACTION TO SURCHARGE ADMINISTRATOR'S SETTLEMENT—PARTIES TO ACTION—ELECTION—REFUSAL OF PLAINTIFF TO ELECT—DISMISSAL WITHOUT PREJUDICE.

Held:  1. Where plaintiffs in an action to surcharge an administrator's settlement and to require a more complete accounting by the administrator joined as defendants various persons whom they alleged had in their possession certain assets of the estate, and called upon them to disclose their acts touching the property of the decedent, there was a misjoinder of causes of action, and the court properly required plaintiffs to elect.

2. Where plaintiffs refused to comply with an order of court requiring them to elect which of several causes of action they would prosecute, the court properly struck from their petition all causes of action and parties improperly joined to the one first stated, and, upon plaintiffs' refusal to prosecute the action, properly dismissed the petition.

3. The dismissal of an action, not being upon the merits, was without prejudice, though it was not so stated in the order.

B. F. PROCTOR AND PROCTOR & HERDMAN, ATTORNEYS FOR APPELLANT.

The points relied on for reversal are:

1. The estate of Hilton constituted *one whole* at his death, and in an action to settle it, all parties who were in possession of any part were properly joined as defendants, were in the absence of a conspiracy.

Hilton and Others v. Hilton's Admr., and Others.

2. If it was necessary to charge a conspiracy to make the action joint as to all, then the amended petition should have been permitted by the court.

3. Having ordered an election, the plaintiffs had the right to make that election by an amended petition, and the court had no right to reject it; then if there was still a misjoinder, plaintiff could have been held to make a further election, but the court arbitrarily held that no one could be proceeded against, but Baird, administrator, and no *one* should be *joined* with him.

4 No exceptions were taken to the settlement of the administrator in the county court, and this was an action before the chancellor to purge those settlements, and for a final settlement, and to recover assets that he had not recovered. No action could be prosecuted without making him a party to it, either as plaintiff or defendant.

### AUTHORITIES CITED.

On joinder, Newman's Pleading & Practice, 179, 184, &c.; Fisher v. Hepburn, 48 N. Y., 41; N. Y. and N. H. R. Co. v. Schuyler, &c., 17 N. Y., 592; C. & T. R. Co. v. Bowler's Heirs, 9 Bush., 484; Woolfolk, &c. v. Ashby, &c., 2 Met., 288; Grayot's Admr. v. Vick, 13 R., 175; Civil Code, secs. 132, 428; on Amendments, Civil Code, secs. 132 and 134; Champin v. Robinson, 4 Bush., 17; Greer v. City of Covington, 83 Ky., 410.

ROAK & FINN, ATTORNEYS FOR APPELLEES.

1. In this case the court below sustained appellee's motion to require appellants to elect, and upon appellant's failure so to do, the court made an election, and thereupon appellant failed and refused to further prosecute and the petition was dismissed. Civil Code, section 85.

2. If the plaintiff offer an amended petition presenting a new cause of action the defendant may object to the filing of it. Hancock v. Johnson, 1 Met., 242.

3. If there be a misjoinder of causes of action the plaintiff should be required to elect which one of them he will prosecute and if he fail to do so, the court should strike out one of them, and if the plaintiff then refuse to proceed should dismiss the action. Dragoo v. Levi, 2 Duv., 520.

In this suit the plaintiffs had ten paragraphs. The first one against the administrator, Baird, seeking to recover $4,776.31, which it is charged he wrongfully paid out. The second seeks to recover $50,000 from Baird which it is alleged was lost to the estate by his negligence.

The third to recover $4,000, for attorney's fees illegally paid out and $1,000 for commissions illegally charged. The fourth is a repetition of the third. The fifth states that Mark Whitesides has in his possession $—— belonging to the estate of decedent which he should have delivered to the administrator, but failed to do. The sixth, seventh, eighth, ninth and tenth, are similar to the fifth, except a different party is named in each.

AUTHORITIES ON MOTION TO ELECT.

Civil Code, sec. 85; and sec. 83; Hancock v. Johnson, 1 Met., 242; Dragoo v. Levi, 2 Duvall, 520.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

The petition alleges the death of W. I. Hilton in 1889 in Simpson county, and the appointment and qualification of appellee, J. W. Baird, as his administrator. It shows that the appellant had made a settlement of his accounts, but when or where is not shown; and the first four paragraphs of the petition are devoted to setting up matter looking to a surcharge of the settlement, and for a more complete and thorough accounting by the administrator. The remaining six paragraphs set out entirely different and independent causes of action, each against separate and distinct individuals, none of whom are involved by or concerned in the matters set up in any other paragraph. The following paragraph (5) is substantially, if not literally, the language of all the others, save the name or names of the parties sued. It is as follows: "Par. 5. These plaintiffs say further that they are informed and charge that defendant Mark Whitesides has of said assets belonging to said estate the sum of —— dollars, which he kept and appropriated to his own use, and failed to deliver same to said Baird as administrator, and which said administrator should have recovered as aforesaid. They say that they can not tell, and have no means of obtaining information, what amount of bonds

said Whitesides thus appropriated without the aid and assistance of these defendants, who had the means of ascertaining the amount at the time; and said Whitesides alone, as far as they are informed, knows the disposition which he made of said bonds, and he is called on to disclose all his acts and doings touching the property of said Hilton." A motion to require plaintiffs to elect which of the several causes of action sued on they would prosecute, was entered, and sustained by the court. Plaintiffs then tendered an amended petition, in which they included all their causes of action set up in their petition in one paragraph, except as to defendant, Mark W. Whitesides; they electing, they said, not to prosecute the action against him. The court, on defendants' objection, declined to allow this amendment to be filed, and plaintiffs excepted. Thereupon the court entered this order: "The plaintiffs, by attorneys, having appeared in open court and having refused to elect, the court, upon its own motion, hereby strikes from said petition the causes of action against all the defendants except the defendant J. W. Baird, to which order of the court plaintiffs object and except; and the plaintiffs by attorneys in open court then refused to proceed further, and declined to prosecute said causes against said Baird. It is therefore ordered and adjudged by the court that the plaintiffs' petition be dismissed, and the defendants recover of the plaintiffs their costs herein expended, for which execution may issue, to all of which plaintiffs object and except, and pray an appeal to the court of appeals, which is granted."

This court, in Bank v. Boswell's Adm'rs, 93 Ky., 92, (19 S. W., 174),—an action to settle and distribute the estate of a decedent,—had occasion to consider this identical question. There were we called upon to construe and apply

the sections of the Civil Code applicable to such proceed·
ing, being especially section 428, subsections 1, 2, and sec·
tions 65, 66; and we then held that subsection 2 of sec·
tion 428, which provides that all persons "having a lien
upon or interest in" the property of a decedent should be
made parties to the suit, did not embrace the debtors
of the estate. Judge Bennett, speaking for the court,
said: "To allow the representative of such estate to make
the debtors of it, or persons who are liable to it in some
way, parties to such action, and obtain judgment against
them, would be to give the circuit court of the county in
which the personal representative qualified jurisdiction
of all the debtors of the estate, or other persons supposed
to be liable to it, notwithstanding the fact that they
might reside in every county in the State, and compel them
to attend court in a distant county to look after their
rights, and to litigate differences in reference to same."
Following that case the lower court properly ruled that
there was a misjoinder of actions and parties in this suit,
and therefore properly compelled appellants to elect.
True, this election might have been made by amended pe·
tition; but an amendment that was even more objection·
able in form, and none the less so in substance, than the
original petition, was rightly rejected by the court. Ap·
pellants then declining to elect, the court was but follow·
ing the provisions of section 85, Civil Code, in making the
election for plaintiffs, and striking from their petition all
causes of action and parties improperly joined to the one
first named. Indeed, as the causes of action set·up against
the defendants stricken out were not sufficiently pleaded,
the court's election seems to have been well for appel·
lants, had they adopted it. Declining to prosecute the
action or obey the orders of the court, it properly, under

section 371 of the Civil Code, dismissed the petition. And, although it is not so stated in the order, each of the dismissals, not having been upon the merits, was without prejudice. There being no error in the record, the judgment is affirmed.