YOUNGMAN v. SMADBECK et al.

(Supreme Court, Appellate Term. June 25, 1909.)

1. COURTS (§ 188*)—JURISDICTION—MUNICIPAL COURTS—ACTION FOR FRAUD.

Where the complaint alleged plaintiff's intention to rescind a contract with defendant for the purchase of property on the ground of fraud and to recover the money paid, the action was not an equitable action for the rescission of a contract, but one to recover the purchase price after the rescission, so that the Municipal Court had jurisdiction.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

2. VENDOR AND PURCHASER (§ 339*) — REMEDIES OF PURCHASER—RESCISSION—RETURN OF PROPERTY.

In order to recover the purchase price of land after rescission of the contract on the ground of fraud, plaintiff must first restore or offer to restore what he has received under the contract, so that, where the property had been conveyed to plaintiff, he should have offered to reconvey before bringing the action.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 994–1002; Dec. Dig. § 339.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Mary J. Youngman against Louis Smadbeck and others, doing business as the Rapid Transit Real Estate Company. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Paul Cooksey, for appellants.
Isaac W. Goodhue, for respondent.

GILDERSLEEVE, P. J. The plaintiff, while on an outing, visited a locality known as Harrison, N. Y. One Bandry, who claimed to be the agent of the defendants, showed the plaintiff three lots and

solicited her to purchase the same. After some conversation relative to terms, etc., the plaintiff agreed to purchase, and a map was shown her, and she was told that the lots were situated on what is known as Ellsworth avenue, and the numbers shown on the map were represented to be the numbers designating lots on said avenue. The plaintiff then made a payment, and a receipt was given her, signed by said Bandry. On the following day the plaintiff went to defendant's office and paid a portion of the purchase price. Later on she again visited the office of defendants, paid the balance of the purchase price, and a deed was prepared and executed, and the plaintiff gave to one of the defendants the recording fee, and the deed was mailed to White Plains and recorded. This deed was produced upon the trial and marked for identification, but was not introduced in evidence and is not attached to the record. Subsequently the plaintiff ascertained that the lots conveyed to her were not those that were shown to her, and she thereupon brought this action for the alleged fraud. She sets forth in her complaint, inter alia, that:

"These defendants falsely and fraudulently put into said written contract and inserted in the deed which was offered to this plaintiff the lot numbers aforesaid, but which were not the lots shown to plaintiff on Ellsworth avenue, but were lots located on Larchmont avenue, a long distance from Ellsworth avenue."

· She also sets forth other allegations which showed that she intended to rescind the contract on the ground of fraud and to recover the money paid for the purchase of the lots.

It is urged by the defendant that this action is not cognizable by the Municipal Court. In this the defendant is in error. The rule is laid down in Vail v. Reynolds, 118 N. Y. 297, 302, 23 N. E. 301, 302:

"A person who has been induced by fraudulent representations to become the purchaser of property has upon discovery of the fraud three remedies open to him, either of which he may elect. He may rescind the contract absolutely, and sue in an action at law to recover the consideration parted with upon the fraudulent contract. To maintain such an action he must first restore, or offer to restore, to the other party whatever he may have received from him by virtue of the contract. He may bring an action in equity to rescind the contract, and in that action have full relief. Such an action is not founded upon a rescission, but for a rescission; and it is sufficient therefor for the plaintiff to offer in his complaint to restore what he has received and make tender of it at the trial. Lastly, he may retain what he has received, and bring an action at law to recover the damages sustained. This action proceeds upon an affirmance of the contract, and the measure of the plaintiff's recovery is the difference between the article sold and what it should be according to the representations."

It will thus be seen that the plaintiff herein does not bring this action for a rescission of the contract. If that had been the case, the Municipal Court would have no jurisdiction. She has elected to completely rescind, and has brought her action to recover the money paid under the contract. In such an action the Municipal Court has jurisdiction.

It will also be seen by the foregoing decision that in an action brought, as herein, the plaintiff, as a prerequisite to the bringing of such an action, must "first restore or offer to restore to the other party whatever may have been received by him by virtue of the contract." This the plaintiff has failed to do. She has had a deed of conveyance

of the lots the defendants claim she purchased. It is in proof that such deed was at least constructively delivered to her, which delivery she accepted by paying the recording fee and directing the defendants to have it recorded, which was done. Clearly she cannot have the consideration money and the property also. She should have executed a deed of the lots, reconveying them to the defendants herein, and offered it to them, prior to bringing this action.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.