## Metcalfe, et al., v. Johnson, et al.

(Decided January 31, 1913.)

### Appeal from Hickman Circuit Court.

1. Action—When Common Law Action Cannot Be United With Equitable Action.—A common law cause of action against part of the defendants cannot be united in the same petition with an equitable cause of action against all of them.

2. Action—Refusal of Plaintiff to Elect Which He Will Prosecute.—

When the plaintiff refuses to elect which cause of action he will prosecute, the court may strike out one of them.

3.    Action—When Motion for Receiver Properly Overruled.—When the cause of action seeking the appointment of a receiver is stricken out, the motion for the appointment of a receiver is properly overruled.

MILLER & MILLER, for appellant.

ROBBINS & THOMAS, JOE W. BENNETT, R. G. ROBBINS, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

This action in equity was brought by Robert T. Metcalfe, and Charles W. Metcalfe against R. L. Johnson, Thomas Emerson, P. H. Porter, W. M. Ringo, H. B. Johnson, J. L. Moss, J. L. V. Grenier and the Clinton Water and Light Company.  They alleged in their petition that Johnson, Ringo, Porter, Emerson and Moss were the directors of the Clinton Water and Light Company and owned a large majority of the stock; that in the year 1910, the plaintiffs owned an ice factory which was estimated to be worth $8,000 or more; that the defendants purchased the ice factory and paid therefor in money $3,000, and in stock of the Water and Light Company what they claimed to be $6,000 more representing to the plaintiffs that the stock was worth $2 in money for $1 in stock; that thirty shares of the stock of $100 per share were delivered to them; that Porter owned 8 shares, R. L. Johnson, 3; H. B. Johnson, 3; a firm, composed of R. L. Johnson and H. B. Johnson 1 share; Thomas Emerson, 8 shares; and W. M. Ringo, 7 shares; that these parties represented to the plaintiffs that the company owed no debts except about six or eight thousand dollars over and above what was owing to it, and was in a prosperous condition; that relying on these representations the plaintiffs sold them the ice factory and moved it to Clinton; that they did this believing and relying on the representations of said parties as to the value of the thirty shares of stock; that in fact the corporation was insolvent and the stock worthless; that the defendants P. H. Porter, R. L. Johnson, M. B. Johnson, Thomas Emerson and W. M. Ringo, who transferred this stock to the plaintiffs borrowed as directors of the company $8,000 from a bank giving a mortgage on the property of the Light Company, and paid $3,000 of the money to themselves for the stock which they

had turned over to the plaintiffs; that the plaintiffs had no information of the real condition of the corporation and were deceived as to its condition; that about a year afterwards by the procurement of the directors, suits were brought against the company under which all its property was sold for $20,000; that there were lien debts against it amounting to $17,000 and unsecured debts amounting to about as much more; that at the sale of the property, under the order of the court, J. L. V. Grenier bought the property ostensibly for himself but in truth and in fact for two of the directors P. H. Porter and Thomas Emerson, and that he now holds the property for them; that the plaintiffs would not have accepted the thirty shares of stock if they had known the real condition of the company as they were actually known to the defendants at the time they put the worthless stock on them. They prayed a personal judgment against R. L. Johnson, H. B. Johnson, W. M. Ringo, P. H. Porter, Thomas Emerson, J. L. Moss and the Clinton Water and Light Company for $6,000.00; and prayed that a receiver be appointed to take charge of the property which had been purchased by Grenier and that Emerson and Porter be required to account for the proceeds of the plant since the sale at which Grenier purchased. The defendants entered a motion that the plaintiffs be required to elect which cause of action set out in the petition they would prosecute. The court sustained the motion and required the plaintiffs to elect. The plaintiffs refused to elect and thereupon the court ordered that the plaintiffs prosecute their action for the fraudulent misrepresentation as to the value of the stock, and that the remainder of the petition be stricken out. The plaintiff then moved to introduce evidence on the motion for a receiver and the defendant entered a motion to dismiss the motion on the face of the papers. The court sustained the motion of the defendants and dismissed the motion for the appointment of a receiver and from this judgment the plaintiffs appeal.

Under section 298 of the Civil Code an order of the court or of the judge thereof appointing or refusing to appoint a receiver shall be deemed a final order for the purpose of an appeal to this court; and while the proceedings in this case are a little out of the ordinary, we shall treat the order dismissing the motion for the appointment of a receiver as an order overruling the mo-

tion, as notice of the motion had been previously given and a subpoena *duces tecum* had been awarded under an order of the court for the production of certain books and papers on the trial of the motion. The plaintiffs if they were defrauded by the sale of the 30 shares of stock to them, have their action for damages against the persons who defrauded them, but this must be prosecuted by an ordinary action against the persons who perpetrated the fraud. The plaintiffs as stockholders in the company may prosecute an action in equity for the proper winding up of the affairs of the corporation and to enforce any trust existing on their behalf under the circumstances. But the common law action to recover damages for the fraud against the persons perpetrating the fraud cannot be joined with the equity action to settle up the affairs of the corporation and enforce the trusts that may exist in favor of the stock holders. Under section 83 of the Code several causes of action may be united if each affect all the parties to the action; may be brought in the same county, and may be prosecuted by the same kind of action, if all of them, among other things, are brought upon contracts, express or implied. But the two causes of action sought to be joined here, may not be prosecuted by the same kind of action, one being a cause of action which should be prosecuted by a common law action, and the other by an action in equity. In addition to this, J. L. Moss who was one of the directors of the company, was in no way concerned in the sale of the stock to the plaintiffs. He owned none of the stock transferred to them, and is not liable in any way therefor. Grenier had nothing to do with the matter until he bought the property at the judicial sale and he will be in no way liable for the sale of the stock if the cause of action asserted against him is made out. It is therefore plain that the two causes of action set up in the petition do not each affect all the parties to the action. It follows that the circuit court properly required the plaintiffs to elect which cause of action they would prosecute. Section 85 of the Code provides that upon the refusal of a party to elect, the court shall strike out of the pleadings any cause of action improperly joined with another. When the plaintiffs declined to elect the circuit court was authorized by the statute to strike out one of the causes of action, and when he had stricken out of the petition all of it relating to the management

of the corporation, there remained in it nothing more than the allegations as to the fraud in the transfer of the stock. There was therefore nothing before the court on which to base a motion for a receiver, and the court properly dismissed the motion.

Judgment affirmed.