## Watson v. Pyramid Oil Company, et al.

(Decided March 6, 1923.)

### Appeal from Estill Circuit Court.

Torts—Parties not Acting Together are not Jointly Liable for Damages Resulting from Separate Torts.—The rule that where several persons act separately and independently and not in concert, one of them is not liable for all the damage occasioned by their separate torts but each is liable only for the damage done by his own act, is not subject to exception because of the difficulty or impossibility of separating the damage, so that plaintiff cannot jointly sue several oil companies for the total damage resulting from pollution of a stream, which was caused by the separate acts of each company in permitting oil to be discharged into the stream, but must sue each company separately for the damage resulting from its acts.

E. E. RICE, KELLY KASH, JOHN W. WALKER and W. L. KASH for appellant.

ROBT. H. WINN, B. R. JOUETT, JOHN A. JUDY, RIDDLE & SHUMATE and J. M. STEVENSON for appellees.

Opinion of the Court by Judge Clay—Affirming.

C. R. Watson brought this suit against the Pyramid Oil Company, the Rex Oil & Gas Company, the A. & B. Pipe Line Company, the Bald Rock Oil Company, the Old Dominion Oil Company, the Eastern Gulf Oil Company, the National Refining Company, the Southwestern Petroleum Company, the Cumberland Pipe Line Company, the Columbia Oil Company and the Great Northern Refining Company to recover damages for injury to his land located on the waters of Miller's creek. It was charged in the petition that the several defendants permitted large quantities of crude oil and other deleterious liquids and substances to be placed along the banks of Big Sinking creek and its tributaries, from which places they were carried by the usual rains into the stream and deposited upon the lands of plaintiff. The petition also averred that after the oil and other substances were placed in the stream they became so mixed and intermingled that it was not possible to determine how much thereof was placed in the stream by each of the defendants, and prayed judgment against all of the defendants in the sum of $5,400.00. The several defendants filed demurrers and motions to elect. After the demurrers were sustained, the court gave plaintiff the right to elect against which defendant he would proceed. Having declined to elect to plead further, the petition was dismissed and plaintiff appeals.

It is not alleged in the petition that the several defendants, in polluting the stream and injuring plaintiff's land, acted in concert or in pursuance of a common design. On the contrary, it is apparent from the petition that each of the defendants acted separately and independently of the others. It has long been the settled rule in this and other states that where several persons act separately and independently, and not in concert, one of them is not liable for all the damage occasioned by their separate torts, but each is liable only for the damage done by his own act, to which rule no exception is created by the difficulty or impossibility of separating the damage. The rule was applied in the case of Bonte v. Postel, 109 Ky. 64, 58 S. W. 536, 51 L. R. A. 187, where plaintiff was seeking to recover damages from several defendants for injuries caused to the wall of his storehouse and carriage factory by water flowing from the sewer and waste pipe into which the defendants were turning their waste water.

It was also applied in the case of Ky. Lumber Co. v. Hinkle, 13 Ky. L. Rep. 173, where the owner sued two lumber companies for injuries to his mill and dam, which injuries were alleged to have been caused by their floating their logs down the river and negligently permitting them to lodge against the dam. The rule is peculiarly applicable to the pollution of a stream. In Williard v. Red Bank Oil Co., 151 Ill. App. 433, the court said:

"A person polluting a watercourse is liable in damages only for his own act, and not for that of any others who may contribute to the injury. If others have contributed, his deposit must be separated by means of the best proof the nature of the case affords, and his liability ascertained accordingly."

A well considered case is that of Farley v. Crystal Coal & Coke Co., 102 S. E. (W. Va.) 265, where the plaintiff sued six different coal companies for polluting the tributaries of the Blue Stone river and injuring his land. After overruling Day v. Louisville Coal & Coke Co., 60 W. Va. 27, 53 S. E. 776, 10 L. R. A. (N. S.) 167, which held that when the negligent acts of two or more persons, though acting independently of each other, concurrently result in injury to the property of another, they are liable either jointly or separately, the court said:

"There is no joint liability nor liability for entire damages when the tort feasors act independently, without concert, collusion or common design, and the injury to the plaintiff is consequential only, or remotely resulting, as contradistinguished from direct and immediate."

The principle is supported not only by the great weight of authority, but by sound reason, for, if the rule were otherwise, a defendant who had contributed to the injury in the slightest degree would be liable for all the damage caused by the wrongful acts of all the others with whom he did not act in concert, and would have no remedy against them because no contribution can be enforced between joint tort feasors.

As the allegations of the petition were not sufficient to make out a case of joint liability, it follows that the court did not err in sustaining the motion to elect and in dismissing the petition upon plaintiff's failure to comply with the order.

Judgment affirmed.