ALEXANDER H. FRASER, JR., Plaintiff, *v.* COPAKE LAKE PURE ICE CORPORATION, Defendant.[*]

Supreme Court, Kings County, May 5, 1926.

Corporations — action to recover back purchase price of stock of defendant corporation — complaint — first cause of action based upon theory that plaintiff has rescinded transaction on ground of alleged false representations, is insufficient in that it fails to allege tender of stock before suit — attachment vacated — second cause of action warrants denial of motion to vacate attachment therein.

The first cause of action in a complaint to recover back the purchase price of stock in defendant corporation upon the theory that the plaintiff has rescinded the transaction because of alleged false and fraudulent representations made by the defendant in the ·sale of the stock, which contains no specific allegation of the tender of the stock before the commencement of the action, is insufficient and an attachment based thereon must be vacated. However, a second cause of action in which the situation seems from the pleading to be analogous to a stakeholder's check, with a duty to stop payment if the fund owner so instructed, warrants the denial of defendant's motion to vacate the attachment.

---

[*] See, also, 127 Misc. 457.

MOTION by defendant.

*Greenthal & Greenthal* [*David T. Smith* of counsel], for the plaintiff.

*Sidney Rosenbaum,* for the defendant.

DIKE, J. This is a motion under section 949 of the Civil Practice Act to vacate a warrant of attachment " only upon the papers upon which the warrant was granted." The relief is sought on the ground that the complaint does not set forth any of the causes of action stated in sections 902 and 904 of the Civil Practice Act, and that the complaint does not state any sufficient cause of action. Relief under rule 106, subdivision 5, is asked.

There are two causes of action set forth in the complaint. The first cause of action is for the recovery of the purchase price of stock in the defendant corporation, upon the theory that the plaintiff has rescinded the transaction because of alleged false and fraudulent representations made by the defendant in bringing about the sale of this stock. The allegations in the complaint would support the proposition that the stock was bought and it might be *inferred* that the stock had been *delivered* to the plaintiff; but there is no specific allegation of that nature, nor is there any averment of tender of stock before suit. In *Youngman* v. *Smadbeck* (64 Misc. 60) GILDERSLEEVE, J. (at p. 62), quotes the rule, it seems to me, as set forth in *Vail* v. *Reynolds* (118 N. Y. 297): " A person who has been induced by fraudulent representations to become the purchaser of property has, upon discovery of the fraud three remedies open to him, either of which he may elect. He may rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract. To maintain such action he must first restore, or offer to restore, to the other party whatever he may have received from him by virtue of the contract. He may bring an action in equity to rescind the contract and in that action have full relief. Such an action is not founded upon a rescission, but is maintained for a rescission, and it is sufficient therefore for the plaintiff to offer in his complaint to return what he has received and make tender of it on the trial. Lastly, he may retain what he has received and bring an action at law to recover the damages sustained. This action proceeds upon an affirmance of the contract and the measure of the plaintiff's recovery is the difference between the article sold and what it should be according to the representations."

This authority, it seems to me, indicates a fault in the first cause of action. This situation might be clarified by a supplemental affidavit. (*Dexter & Carpenter* v. *Lake & Export Coal Corp.,*

196 App. Div. 766.) As it now stands, as to the first cause of action, the attachment will be vacated.

As regards the second cause of action, there is not shown a situation of a debtor's check for property bought which could constitute payment of the debt, as in *Battle* v. *Coit* (26 N. Y. 404). The situation seems, from the pleading, to be analogous to a stakeholder's check, and in such a case there would be a duty to stop payment, if the fund owner so instructed. From this point of view it would seem that the motion to vacate the attachment should be denied.

The motion, therefore, is denied. Submit order on notice.