ALEXANDER H. FRASER, JR., Plaintiff, *v.* COPAKE LAKE PURE ICE CORPORATION, Defendant.

Supreme Court, Kings County, June 23, 1926.

Release — joint tort feasors — action against bailee of funds based on its failure to stop payment of check — check was indorsed by plaintiff to third person in payment of stock — stop payment order was directed because of deceit of third person — third person and defendant are not joint tort feasors — release of third person from liability for deceit does not release defendant.

In an action against the defendant, a bailee of funds of the plaintiff, predicated on defendant's failure to stop payment of a check which plaintiff had indorsed to a third person in payment of the purchase price of stock, the plaintiff having instructed the defendant to stop payment upon the check because of the deceit of the third person, the release of said third person from liability for deceit does not release the defendant, since said third person and defendant were not joint tort feasors and the acceptance of satisfaction by one in respect to his part in the wrongdoing does not discharge the other from liability for its respective share in the transaction.

MOTION to vacate an attachment.

*Greenthal & Greenthal,* for the plaintiff.

*Sidney Rosenbaum,* for the defendant.

HAGARTY, J. This is a motion to vacate an attachment, and is the second made in this action. The first motion, made upon the

papers upon which the attachment was granted, attacked the sufficiency of both causes of action set forth in the complaint. Mr. Justice DIKE granted the motion to vacate as to the first cause of action but denied it as to the second (127 Misc. 810). This motion is made upon affidavits setting forth facts which have occurred since the decision made by Mr. Justice DIKE. The defendant contends that it is being sued as a joint tort feasor with one Norris, or that it is but secondarily liable. Norris has been released since the argument of the motion before Mr. Justice DIKE, and the defendant urges that the release executed by him operates to release it. Plaintiff has not briefed this point, but has submitted an affidavit to the effect that the settlement with Norris was never intended to release any other than Norris, as defendant was not jointly liable with him but severally. The cause of action against the defendant is not within the rule that a release to one of two or more joint tort feasors, or those in analogous relationship, operates to release all. The cause of action against Norris was deceit in the sale of stock. The cause of action against the defendant here is that, after the deceit of Norris had been discovered by the plaintiff, he instructed the defendant, which had control of his funds, to stop payment upon the check which he had indorsed to Norris, and that, although defendant had agreed to stop payment, it afterward, without notice, withdrew the stop order, thus permitting Norris to realize upon the check. The relationship that the defendant bore to the plaintiff in respect to the control of his funds was that of bailee, or, as Mr. Justice DIKE characterized it, as " analogous to a stakeholder's check," with a duty to stop payment if the fund owner so instructed. It is that duty which has been disregarded. The violation of this duty, however, does not make the defendant and Norris joint tort feasors in the preceding deceit by Norris, for " as applicable to the entire range of tort actions, the proposition may be stated that where wrongdoers have not acted in concert, and separate and distinct injuries are caused by the act or neglect of each, the liability is several only." (38 Cyc. 484, citing New York cases.) Further, the rule as to a release operating in favor of all jointly liable " does not apply unless the person released and the person claiming the benefit of the release are jointly liable for the wrong. * * * If the wrong consists not of one tort alone * * * but of separate and distinct, although closely connected, torts, for which the parties are respectively liable, then the acceptance of satisfaction from one in respect to his part in the wrongdoing does not discharge the others from liability for their respective shares in the transaction." (34 Cyc. 1088, 1089.) The defendant in this action is not being sued in tort but as a bailee

who has violated his duty to the bailor. The complaint does not sound in tort, but falls within the rule declared in *Barber* v. *Elling-wood, No. 2* (137 App. Div. 704, 712, 713), and is to be regarded as in contract for money had and received. Motion to vacate the attachment is denied.