## Rose v. Sprague et al.

(Decided Feb. 28, 1933.)

(As Modified on Denial of Rehearing May 16, 1933.)

**636**

R. S. ROSE for appellant.

TYE, SILER, GILLIS & SILER, J. B. JOHNSON, W. B. EARLY, SAMUEL M. WILSON, HUNT & BUSH and L. R. CURTIS for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

R. S. Rose sued Drs. George P. Sprague and Ernest Hosler, "Lexington Clinic," a copartnership, composed of W. O. Bullock, Charles Kavanaugh, W. J. Briggs, and others, and Drs. Granville S. Haynes, John J. Moren, —— Grant, James Stites, L. B. Croley, and W. J. Smith, charging that each of the defendants, prior to the treatment respectively undertaken by him, held himself out, and represented to the world and to him (Rose), that he was able and qualified to treat his ailments, and that he believed and acted on such representation, and became the patient of each of them. It is set out in the petition that Drs. L. B. Croley and W. J. Smith were at the time practicing physicians, residing at Williamsburg, Whitley county, Ky.; Drs. John J. Moren and Granville S. Haynes were practicing physicians residing at Louisville, Ky.; Dr. George P.

Sprague was a practicing physician residing at Lexington, Ky.; Ernest Hosler was Sprague's servant and head nurse at High Oaks Sanatorium, Lexington, Ky.; W. O. Bullock was a surgeon, residing at Lexington, and was "called by Sprague at High Oaks Sanatorium," Lexington, Ky., to treat a wound in the throat of Rose; W. O. Bullock, Chas. Kavanaugh, and W. T. Sprague were partners, residing at Lexington, Ky.; and that Drs. Grant and Stites were practicing as copartners, engaged in the practice at Louisville, Ky. The allegations of the petition show that Rose engaged these physicians in the county of their respective residences, where each treated his ailments, by virtue of separate and independent engagements, except where there was a partnership, and that their separate treatment afforded him no relief. The effect of the charges against them is that they were each guilty of malpractice. He sets out the order in which his engagements with them were made, and unequivocally alleges his engagement of each of them was independent of the engagement of the other, and that the diagnosis and treatment by the one were not in connection with the others. In an amended peition he avers that his first engagement was with John T. Moren, the next with Dr. Croley, and further sets forth the order in which he made the engagements with, and treatment by, the other physicians. He alleges that to each of them he gave a history of his ailment and the anterior treatment he had received consecutively at the hands of the named physicians. By a second amended petition he portrays an elaborate history of the treatment he had so received in the counties of the residence of the various physicians, in compliance with the successive engagements as made by him with them in those counties. In his endeavor to state a joint cause of action against them, in order to give jurisdiction to the Whitley circuit court, after making the above allegations, he further alleges that their separate and successive treatment was not successful, that he was not cured of his ailment, and this was caused directly by the concurrent negligence of the several physicians. Process was issued on the petition and served on Dr. Croley and Dr. Smith, in Whitley county, the county in which they resided, and in which the action was instituted. Process was issued and served in the counties in which the other named physicians resided at the time of his engagement of

them, and of their diagnosis and treatment, as well as at the time the process was served on each of them. The allegations of the petition as amended show that the contract between Rose and the physicians, except Drs. Croley and Smith, were entered into, and the service performed by each of them, in the execution thereof, out of Whitley county. The contracts with Dr. Croley and Dr. Smith, and their diagnosis of his affliction and their treatment of the plaintiff in execution thereof were independent and separate, but occurred in Whitley county. Each of the physicians, other than Dr. Croley and Dr. Smith, without entering his appearance, entered his motion to quash the return of the sheriff on the summons issued and served on him. Dr. Croley entered a motion to require the plaintiff to elect whether he would prosecute his cause of action against him or against the other physicians. The court sustained the motion to quash the sheriff's returns as to all of the physicians who were summoned out of Whitley county, and sustained the motion of Dr. Croley to require Rose to elect whether he would prosecute the cause of action against him, or one or more of the other physicians. Rose declined to make the election. Thereupon the court elected for him to prosecute his cause of action against Dr. Croley. He declined in open court to plead further, and the court dismissed his action. He appeals from this order.

It is very plain that the petition as amended states against each of the physicians a distinct and separate cause of action, occurring in the several counties of the residences of the physicians. The facts thus appearing, the allegation that his injury was caused directly by the concurrent negligence of the several physicians does not relieve the case of the fact that the pleading states an independent, separate, and distinct cause of action against each of the named physicians, originating, if at all, in the several counties of their respective residences. When the allegations of the petition as amended are considered in the light of the language of sections 74, 78, and 80 of the Civil Code of Practice, there remains no room for doubt that the Whitley circuit court was without jurisdiction as to all of those physicians who contracted with Rose and treated him out of Whitley county. The allegations of the petition show that the several physicians contracted with Rose

consecutively, independently, and individually, and the treatment by the one was completed before the engagement was made by Rose with another one of them, and his treatment was begun. If the diagnosis or treatment by any one of them was negligently done, or was such as to come within the term "malpractice," the injury therefrom was complete before the services of the next employed physician was engaged or his services were rendered. Neither the engagements nor the services of the physicians were in any sense "concurrent." "Concurrent," as defined by Webster, means "acting in conjunction, concurring in the same act, contributing to the same event or fact, co-operating, accompanying, conjoined, associated, concomitant, joint and equal, existing together and operating on the same subject." Connecticut Fire Ins. Co. v. Union Mercantile Co., 161 Ky. 718, 171 S. W. 407. Worcester defines the word "concurrent" thus: "Concurrent, means literally running together, having the same sense of co-operating, contributing to the same event."

If the several physicians were guilty of negligence or improperly and unsuccessfully diagnosed and treated Rose's ailments, the negligence of the one, according to the allegations of the petition as amended, occurred before the beginning of his engagement of the other physicians, and, if one of them was guilty of negligence in his individual treatment, and thereby Rose was injured, the result was not that of concurring causes in the sense of the term "concurrent" as it is recognized by the text-writers and the courts. It is an established principle that, where an injury is caused by two causes, concurring, co-operating, or acting in conjunction, for one of which the defendant is responsible and not the other, he cannot escape responsibility. But before both agencies may be held liable therefor the injury must be caused or contributed to, by each, as concurring causes, co-operating, and producing the injury. City of Louisville v. Bridwell, 150 Ky. 589, 150 S. W. 672; Watson v. Pyramid Oil Company, 198 Ky. 135, 248 S. W. 227; Ky. Lumber Co. v. Hinkle, 13 Ky. Law Rep. 173; Polk v. I. C. Ry. Co., 175 Ky. 762, 195 S. W. 129; Miller v. Weck, 186 Ky. 552, 217 S. W. 904; Wilder v. Bailey, 233 Ky. 238, 25 S. W. (2d) 381. It is Rose's contention that, although the physicians who treated him acted independently, yet each of them was guilty of negligence at the time of the performance of his sep-

arate services, and that it is not essential for the maintenance of his action against them to allege that they were engaged in a common enterprise or sustained any relation whatever between themselves at the time of the occurring of their distinct and individual negligence.

The correct rule is stated by Sherman and Redfield on Negligence (4th Ed.) sec. 122, in this language:

"Persons who co-operate in an act directly causing injury are jointly liable for its consequences, if they acted in concert or united in causing a single injury, even though acting independently of each other."

Cooley on Torts, page 79, writes it in this language: "If the damage resulted directly from concurrent wrongful acts or negligence of two persons, each of these acts may be accounted a wrongful cause and the parties held responsible either jointly or severally for the injury."

In Village of Carterville v. Cook, 129 Ill. 152, 22 N. E. 14, 4 L. R. A. 721, 16 Am. St. Rep. 248 note, it is stated thus:

"When one act of negligence unites with another and like act, or with any other cause, in inflicting injury upon the person or property of another, whose negligence has not also contributed to his injury, and there exists no means of determining the extent to which the injury resulted from either negligent act, it is obvious that each person guilty of negligence must either be held entirely exonerated, or as answerable for the whole damages inflicted in part by his negligence. In all instances in which his negligence can be regarded as the proximate cause, or as one of the proximate causes, of an injury, he is answerable for the whole thereof, either separately or jointly and severally with any other person whose * * * wrongful act may also have been one of the proximate causes of such injury."

In Grand Trunk Ry. Co. v. Cummings, 106 U. S. 700, 1 S. Ct. 493, 27 L. Ed. 266, this principle was recognized:

"Where separate and independent acts of negligence of two parties are the direct cause of a single

injury of a third person, and it is impossible to determine in what proportion each contributed to the injury, each is responsible for the whole injury, and this, although his act alone might not have caused the entire injury, and although without fault on his part the same damage would have resulted from the act of the other.''

With the allegations of the petition in view, it is our conclusion that Rose has no joint cause of action against these physicians, under the rule as it was stated by the text-writers above listed. Again, this case is well within the rule so aptly stated in Armstrong v. Southern Ry. Co., 29 Ga. App. 418, 116 S. E. 31. It reads:

"Where two or more persons or corporations acting independently, without concert, plan or other agreement, inflict a damage or cause an injury to another person, the persons inflicting the damage are not jointly liable therefor, but each is liable for his proportion only of the damages; and in such a case a joint action against them cannot be maintained.''

See Fraser v. Copake Lake Pure Ice Corp., 127 Misc. 457, 216 N. Y. S. 498; Derry Elec. Co. v. New England Tel. and Teleg. Co. (C. C. A.) 31 F. (2d) 51; Sun Oil Co. v. Robicheaux (Tex. Com. App.) 23 S. W. (2d) 713; Mason v. Lewis Lavine, Inc., 302 Pa. 472, 153 A. 754; Mansfield v. Brister, 76 Ohio St. 270, 81 N. E. 631, 10 L. R. A. (N. S.) 806, 118 Am. St. Rep. 852, 10 Ann. Cas. 767. The general rule as it was stated supra was recognized by this court in Polk v. Ill. Cent. Co., 175 Ky. 762, 195 S. W. 129; Bonte v. Postel, 109 Ky. 64, 58 S. W. 536, 22 Ky. Law Rep. 583, 51 L. R. A. 187. See Farley v. Crystal Coal & Coke Co., 85 W. Va. 595, 102 S. E. 265, and annotation in 9 A. L. R. 933.

A physician who is engaged and treats a patient is not an insurer and is liable only where negligence is the proximate cause of his injury. Powell v. Galloway, 229 Ky. 37, 16 S. W. (2d) 489. And negligence will not be inferred from the effect the medicine had or does not have on him, Prewitt v. Higgins, 231 Ky. 678, 22 S. W. (2d) 115, nor from poor results or failure to effect a cure, Western Union Teleg. Co. v. Mason, 232 Ky. 237, 22 S. W. (2d) 602. A physician is liable for an injury

to his patient only for the want of requisite knowledge and skill, or from omission to use reasonable care and diligence in the treatment of his patient, or to exercise such care and diligence to diagnose or discover his malady. Dorris v. Warford, 124 Ky. 768, 100 S. W. 312, 30 Ky. Law Rep. 963, 9 L. R. A. (N. S.) 1090, 14 Ann. Cas. 602; Van Meter v. Crews, 149 Ky. 335, 148 S. W. 40; Mason v. Meloan, 165 Ky. 582, 177 S. W. 435; Burk v. Foster, 114 Ky. 20, 69 S. W. 1096, 24 Ky. Law Rep. 791, 59 L. R. A. 277, 1 Ann. Cas. 304.

The import of these elementary principles is that physicians when engaged and acting independently of each other in diagnosing and treating a patient, during different and distinct periods of time, each is only liable to his patient for his own wrong or negligence, but not for the negligence of the other, even though neither of them effects a cure of the patient's ailment.

It may be considered in such case that the failure of both physicians to afford relief is concurrent, but such concurrent failure to effect a cure cannot and does not create a joint cause of action against them, simply because neither of them cured the patient, or achieved the result he desired or expected, when he separately engaged and received independent treatment at their hands.

Measured by the principles as we have stated them, the allegations of the petition do not state facts sufficient to constitute a joint cause of action against either the resident or nonresident physicians, and the court properly quashed the summons as to the nonresidents, and correctly required Rose to elect whether he would prosecute the cause of action against Dr. Croley or one or more of the other physicians. Section 80, Civil Code of Practice. Section 85 of the Civil Code of Practice authorized the court at any time before answer was filed, on the separate motions of the physicians, to require Rose to elect which of the causes of action set up against Croley, or the other named physicians, he desired to prosecute, and, upon his refusal to elect, to make the election for him. Dragoo v. Levi, 2 Duv. 520; Hilton v. Hilton, 110 Ky. 522, 62 S. W. 6, 22 Ky. Law Rep. 1934; Jenkins v. Taylor, 59 S. W. 853, 22 Ky. Law Rep. 1137; Bannon v. Bannon, 136 Ky. 556, 119 S. W. 1170, 124 S. W. 843; Metcalfe v. Johnson, 151 Ky. 823, 152, S. W. 951; Ashurst v. Dixie Block Coal Co., 230

Ky. 812, 20 S. W. (2d) 1011. And upon his refusal to further plead or prosecute the action, either as to Croley or Smith, the court properly dismissed the petition, which order of dismissal is construed as a dismissal without prejudice and no bar to a future action.

Many other questions are ably discussed in the briefs, but our view of the questions discussed disposes of the case.

Finding no error prejudicial to the substantial rights of Rose, the judgment is affirmed.