## Henry G. Sleight and another v. David Henning and others.

*Evidence: admissibility of declarations.* — Replevin for certain barrels of apples. Defendant claimed a part of them. It became a question whether these could be distinguished from the rest; and the question of title was also material. On the trial, the defendant, being a witness, was asked whether, at the time the writ was served, his agent pointed out to the officer the apples he claimed to have bought for defendant; [to which question he replied; "He did: he pointed out two rows, and said, 'these are the apples which [defendant] purchased yesterday.'" Held, that both question and answer were competent, not to establish defendant's title, but as tending to show whether there was such a confusion of goods that the officer was justifiable in taking possession of more apples than belonged to the plaintiffs.

*Juror disqualified: objection made too late.* — Where a party is informed during the progress of the trial that a juror is disqualified, but he omits to object until after, verdict, on the ground that evidence of the disqualification is, not sooner accessible, he will be held bound by the verdict. Bourke v. James, 4 Mich. 336.

*Verdict: putting informal finding into shape.* — Juries rarely give very formal verdicts; and inquiries of the jurors in Court, and amendments for the purpose of putting in due form what the jury mean by their finding, are unobjectionable.

*Party not injured can not complain of error.* — A plaintiff in replevin can not complain that the Court awarded nominal damages to him when the jury gave none; the error, if any, being in his favor.

*Heard May 3d and 4th. Decided May 17th.*

Error to Washtenaw Circuit, where plaintiffs in error brought replevin against Henning, Wandlass and Hoops, for a quantity of apples. The case is stated in the opinion.

*Norris & Ninde,* for plaintiffs in error:

It was error to allow the question put to Orange Webster, and his answer thereto.

1. It was hearsay: — 15 *Johns.* 239; 17 *N. Y.* 131; 4 *Yerg.* 210; 14 *N. H.* 113, 114. And it was not the best evidence.

2. The plaintiffs in error did not waive their right to object to the juror Saxton, because the affinity was not known at the time the jury was impanneled, nor until the evidence was all in; and was not *established* until the motion for a new trial.

3. The jury on the trial below did not pass upon all the issues contained in the pleadings; nor find all the facts required by the statute and practice.

They did not dispose of 738 barrels of apples replevied. They did not assess the value, nor pass upon their detention, nor determine the right of property therein, nor the right of possession thereto.

*Nor did they assess the damages of the plaintiffs.* *Comp. L.* §§ 5030, 5032.

The issues made by Hoops and Wandlass were not *legally* disposed of: — 4 *Johns.* 213; 4 *Humph.* 492; 2 *Wheat.* 221; 6 *Humph.* 45.

4. There was error in receiving, altering, recording and amending the verdict given in, in writing, by the jury: — 7 *Halst.* 352; 1 *Gilm.* 333; 11 *Pick.* 501; 8 *Geo.* 201; 24 *Geo.* 454; 10 *Ired.* 153.

After the verdict has been recorded and the jury dismissed, it can not be altered: — 2 *Me.* 37; 2 *Nott & McC.* 441.

As to the power of the Court to "work the verdict into form," see 7 *Halst.* 352; 2 *McLean,* 612; 8 *Pick.* 415.

SLEIGHT v. HENNING.

G. V. N. Lothrop, for defendants in error:

1. The objection to the question put to Henning, and to his answer, is untenable.

The objection was to proof of the fact by Henning, instead of by Webster, who pointed out the apples. But the fact to be proven and actually proved, was the fact of notice to the officer. This could be shown by any one who knew the fact: — 1 Greenl. Ev. §§ 100, 101.

2. The second error, founded on the affinity of one of the jurors to Henning, is equally untenable. The fact of affinity is not properly any part of the record. Nothing on the point appeared at the trial. The question came before the Court only on the motion for a new trial; and I do not understand that such matters can be excepted to, put in a bill of exceptions and revised in error.

It is really an attempt to bring error on the determination of a motion for new trial: — Dibble v. Rogers, 2 Mich. 406; Chaffee v. Soldan, 5 Mich. 242; 20 How. 29; 20 How. 448.

This objection of affinity, if anything, was a cause of principal challenge. And this must be made by a party before the jury is sworn in chief, or the right of challenge is gone: — 1 Chit. Cr. L. 545; 3 Jones (Law,) 443; 18 Geo. 194; 10 Pick. 480. And this challenge, when made, becomes a part of the record, and may be reviewed on error: — 7 Cow. 121. And when the party omits to make his challenge, or to inquire, before the jury is sworn, whether cause for challenge exists, the Court will not arrest judgment: — 20 Conn. 87.

Though the right of the party to challenge is gone, yet, if he discovers before verdict a cause of challenge, he may apply to the Court to inquire into the facts, and, in their discretion, stop the trial and discharge the jury: — 1 Curtis, C. C. 23.

And when the party has failed to inquire whether a

cause of challenge existed, or has omitted to take the objection till after verdict, he will not ordinarily be heard on a motion for new trial even: — 8 *B. & C.* 417; 14 *Mass.* 205; 1 *Pick.* 43; 11 *Pick.* 269; 11 *Pick.* 467; 2 *Met.* 560; 39 *N. H.* 406; 3 *How. (Miss.)* 27; 1 *Scam.* 128; 15 *Penn.* 236.

This Court has applied the doctrine of waiver to challenges; as, where the challenging party refused to demand triers, the Court said he had waived his right: — *People v. Doe,* 1 *Mich.* 455.

3. The third assignment of error is not that the verdict does not support the judgment. It is that the jury did not pass on all the issues, or find all the requisite facts.

This assignment of error is not according to the fact of the record. The verdict itself must be looked at, and is conclusive on this point. " The finding of the jury is not properly a part of the bill of exceptions, and the record cannot be helped by it ": — 13 *Wend.* 432; 21 *Wend.* 19.

All the issues requisite under our system of pleading and practice are passed on. The statutory declaration is simply that defendants " unlawfully detained," etc. The plea in the case is simply the general issue.

It is true that this puts in issue not only the detention, but plaintiff's property and right of possession. And I suppose, the objection here is that the title of plaintiffs is not found.

But under the above pleading, a finding by the jury that the defendant " did *unlawfully* detain," is sufficient to entitle the plaintiffs to recover. Whether the property was in the plaintiffs need not be passed on.

It is like a general verdict in assumpsit, that the defendant " did promise and undertake," etc., although there are many issues involved under the general plea, beside the original promise: — 9 *Mass.* 316; 14 *Johns.* 86.

This form of verdict is sanctioned, I think, by uniform practice with us. *Vide forms, Green's Pr.* 151–2.

But the defect in the finding, if one existed, is not one of which the *plaintiff* can complain. The judgment which would be authorized by a perfect finding has been entered in his favor. If the defendant does not complain, no one else can: — 16 *Conn.* 436; 17 *Wend.* 434; 8 *Watts & Serg.* 391; 5 *Blackf.* 267; 13 *Ohio*, 131; *Minnesota Co. v. National Co.* 11 *Mich.* 187; *Brigham v. Gurney*, 1 *Mich.* 349; *Berry v. Lowe*, 10 *Mich.* 11.

4. The Court below may record verdicts in such form as will effect the meaning of the jury; if erroneously recorded, the Court may amend it; and a judgment will not be arrested or reversed for any irregularity in this regard.

The remedy is by motion to set aside the verdict; and if right is not obtained on such motion, to correct the wrong by mandamus: — 1 *Cl. & F.* 224; 21 *Wend.* 40; 6 *Hill*, 289; 11 *Met.* 504; 6 *Wend.* 278.

CAMPBELL J.:

Plaintiff brought replevin for a quantity of apples, and 894 barrels were seized upon the writ. It became a question whether certain apples included in this amount, and which were bought on one day, could be identified and distinguished from the rest; and the question of title also became material. The defendant Henning was a witness, and claimed title to a portion of the apples replevied. Having testified that he was present when the apples were replevied, he was asked whether one George Webster at that time pointed out to the sheriff the apples which said Webster claimed he had bought for witness; to which question he replied, "He did, he pointed out two rows, and said, these are Henning's apples which he purchased yesterday." The question and answer were both objected to as hearsay and incompetent.

SLEIGHT v. HENNING.

We think it was entirely competent to show what took place during the levy, tending to show whether the sheriff was justified in taking possession of more apples than were owned by the plaintiffs. In case of a confusion of goods the right of possession is somewhat different from that existing in other cases, and if defendant or his agents took steps to enable the sheriff to distinguish the property, the fact was important. It is difficult to see how the question could be improper. It was not put to show title, but simply to show that a claim of title was made for the purposes of identification upon the levy; and for that reason was unobjectionable. Nor do we see how it could be answered without showing what was said on that occasion. We can not imagine that any jury would be led to finding title, in favor of any one, upon a mere assertion. Nor is there the remotest probability that a court would submit a case to them in such a way as to allow any such misapprehension. Cases very often arise where evidence is admissible of the claims and assertions of parties concerning the title of things in controversy, where the jury may know the parties, and believe in their veracity, but it would lead to no good result to hold any such proper testimony inadmissible, from a fear that the jury can not distinguish between the various issues, and are subject to a possible risk of mistaking its bearing.

It appears by the bill of exceptions, that after the case was all put in, plaintiffs' counsel were informed by some bystander, that one of the jurors was incompetent, by reason of affinity to Henning. No step was taken to ascertain the fact, and it was not brought to the notice of the Court. A motion for a new trial was afterwards made upon this ground upon affidavits showing that proof of the fact had not been before accessible. The Court overruled the motion. The case is within the principle of *Bourke v. James*, 4 *Mich.* 336, where it was held that a refusal of a new trial was no ground of exception, and

that it was the duty of a party to make his objection as soon as informed of the juror's disqualification.

It is also assigned for error, that the verdict was improperly received and entered. When the jury came in they found as follows: "We find that Henning is the only defendant. We find for the defendant 156 barrels at two dollars — three hundred and twelve dollars." The evidence showed the replevin of 894 barrels by the plaintiff. It being suggested that the verdict did not dispose of the balance, the foreman said they found that the remainder belonged to the plaintiffs. One of the jury thereupon intimated that he did not so understand it. Some conversation then occurred between Court, counsel and jury, when he nodded his assent, and the verdict was entered accordingly, in favor of Henning for his portion, and against him for the rest. An amended verdict was afterwards entered in form, finding Wandlass and Hoops not guilty, and in other respects corresponding with the first verdict. Neither of them assessed any damages against Henning. Judgment was entered upon the verdict, giving the plaintiffs six cents damages, and costs of suit to be taxed.

Without now inquiring whether we have any authority, as the case stands, to inquire into the propriety of the amended verdict, we think it expresses what it is evident the jury meant by their finding. Although not technical, it was entirely intelligible. Neither do we perceive any impropriety in the inquiry made of the jury as to what they found concerning the apples not belonging to Henning, nor in the method by which the assent of the juror was given, who at first was confused about the question. Jurors rarely give very formal verdicts, and such inquiries in open court are often necessary to obtain express explanations of what may generally be implied. Nor do we deem it necessary to consider whether a jury must give nominal damages to a plaintiff, against whom substantial damages

12 Mich.—Y.

are recovered by defendant. The judgment has given them, and if erroneous, because not sustained by the verdict, it is not an error which can do plaintiffs any harm, but, on the contrary, it is in their favor.

There are no errors in the record. Judgment must be affirmed, with costs.

The other Justices concurred.