RODGERS *v.* CANFIELD.

1. PHYSICIANS AND SURGEONS—MALPRACTICE—FRACTURED. LEG.

Each of two physicians in attendance upon the same patient with a fractured leg while serving with the other is answerable for his own conduct and also for that of the other which he observes or, in the exercise of reasonable vigilance, should have noticed.

2. SAME—JOINT LIABILITY FOR MALPRACTICE.

Physicians serving with each other in treatment of a fractured leg are liable for their joint acts of commission or omission, but any such act by one, in the absence of the other, unless concerted, could not be attributed to the nonparticipant.

3. TRIAL—SINGLE-SUM VERDICT IN MALPRACTICE ACTION AGAINST TWO PHYSICIANS.

In action against two physicians for joint malpractice, a single-sum verdict should be returned but for malpractice of one physician alone no such verdict is permissible.

4. SAME—VERDICTS AND FINDINGS—DAMAGES—JOINT AND SEVERAL
LIABILITY.

> In action by patient whose fractured leg had been treated by
> two physicians where jury first rendered verdict of $4,000
> against one doctor and $2,000 against the other, stated plain-
> tiff's damages were $6,000 and after further instructions re-
> turned single-sum verdict of $6,000 against both physicians,
> such second verdict erroneously ignored separation of joint
> and several culpability of defendants and held second liable
> in damages for malpractice of other in which he was not a
> participant.

Appeal from Eaton; McPeek (Russell R.), J.
Submitted June 11, 1935. (Docket No. 67, Calendar
No. 38,165.) Decided September 9, 1935. Rehear-
ing denied October 30, 1935.

Case by James L. Rodgers against Wilson Can-
field and Bert Van Ark for malpractice in the treat-
ment of a fractured leg. Verdict and judgment for
plaintiff. Defendant Van Ark appeals. Reversed
as to defendant Van Ark and new trial granted.

*Emerson R. Boyles* and *Clare E. Hoffman,* for
plaintiff.

*Rodgers & Dunn,* for defendant Van Ark.

WIEST, J. This is an action against two doctors to
recover damages for alleged malpractice in the treat-
ment of a fracture of plaintiff's right leg just below
the knee.

Defendant Canfield was plaintiff's family physi-
cian and was called to reduce the fracture and care
for the injured leg, and defendant Van Ark was
asked by Dr. Canfield to assist. Defendant Canfield
was the physician in attendance but, on two occasions
subsequent to the day of the injury to the leg, defend-
ant Van Ark was called into consultation by Dr. Can-
field.

At the trial evidence was introduced, tending to show acts of malpractice on the part of the defendant Canfield in the absence of defendant Van Ark. Each defendant, while serving with the other, was answerable for his own conduct and also for that of the other which he observed or, in the exercise of reasonable vigilance, should have noticed. Want of skill or care on the part of Dr. Canfield, in the absence of Dr. Van Ark, could not be charged against the latter. For their joint acts of commission or omission both defendants were liable, but any such act by one, in the absence of the other, unless concerted, could not be attributed to the nonparticipant.

The trial judge had this in mind when he instructed the jury as follows:

"I now instruct you that as a matter of law, if a verdict is found for the plaintiff against Dr. Van Ark, it must be based on his acts and conduct, and the results thereof, in treating and caring for plaintiff on one or more of the three occasions when Dr. Canfield was present; namely, the day of the accident, at the hospital, when the Thomas splint was put on; secondly, the day when the doctor visited the plaintiff at his home, September 27th, as I recall when a small basswood splint was put inside of the Thomas splint; and thirdly, the day when Dr. Van Ark, following consultation with Dr. Canfield, put on the plaster of paris cast.

"On the other hand, in determining the case against Dr. Canfield, the jurors will consider not only his acts and conduct on the three occasions when, first, the Thomas splint was applied, second, when the two doctors visited plaintiff at his home September 27th, and third, when Dr. Van Ark put on the cast, but will also consider the acts and conduct, the whole course of treatment, in fact, of and by Dr. Canfield, from the time when he first was called, through-

out his connection with the case, whether or not Dr. Van Ark was present.''

The jury returned the following verdict:

''Our verdict is in favor of the plaintiff on the terms of $6,000 damages, $4,000 on Mr. Wilson Canfield and $2,000 on Bert Van Ark.''

The court asked if the jury found both defendants guilty of negligence and was informed that such was the case and that the total damages of plaintiff amounted to $6,000. Thereupon the court instructed the jury as follows:

''You will retire to your jury room for reconsideration of your verdict. If you find both of these defendants guilty of negligence, you will return a verdict in one sum against both defendants for the total amount of plaintiff's damages. If you find,— I will read it again,—if you find both of these defendants guilty of negligence, you will return a verdict in one sum against both defendants for the total amount of plaintiff's damages. I think that is clear. You will return to your jury room, gentlemen.''

After a time the jury returned with a verdict in favor of plaintiff for the sum of $6,000 against both defendants.

The jury, by the first and rejected verdict, evidently found Dr. Canfield guilty of malpractice, not only jointly with, but separately from Dr. Van Ark, in awarding damages of $4,000 against Dr. Canfield, and $2,000 against Dr. Van Ark.

For joint malpractice a single-sum verdict could be returned but for the malpractice of Dr. Canfield alone, no such verdict was permissible. This was not an instance of two persons, by their joint tort, starting a train of consequences.

The judgment was manifestly erroneous as to Dr. Van Ark.

The evidence covered both joint and several liability of defendants. The first verdict may be said to have found both defendants guilty of malpractice but clearly indicated, by separated assessment of damages, culpability of Dr. Canfield in which Dr. Van Ark was not a participant. The second verdict ignored separation of joint and several culpability of the defendants and held Dr. Van Ark liable to respond in damages for malpractice of Dr. Canfield in which he was not a participant.

The judgment against Dr. Van Ark is reversed and a new trial granted, with costs to him.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.