SCHNEIDER *v.* TEPPERT.

APPEAL AND ERROR—VERDICTS AGAINST JOINT TORT-FEASORS—ENTRY OF JUDGMENT.

In action against two defendants as joint tort-feasors for an alleged unjustifiable assault and battery, where jury found both defendants guilty and awarded plaintiff $1,500 against each or $3,000 in all, the acceptance of verdict as rendered and, on plaintiff's motion, entry of judgment against both defendants for sum of $1,500, were within authority of trial court and not prejudicial to defendants (3 Comp. Laws 1929, §§ 14148, 14149).

Appeal from Wayne; Van Zile (Donald), J., presiding. Submitted January 4, 1940. (Docket No. 62, Calendar No. 40,939.) Decided March 15, 1940.

Case by Henry Schneider against Mary Teppert and Harvey Majeski for assault and battery. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Matthew F. Callahan,* for plaintiff.

*Axford, Tarsney & Cashen,* for defendants.

CHANDLER, J. This is an action for damages by plaintiff brought against the defendants as joint tort-feasors for an alleged unjustifiable assault and battery committed upon him by Harvey Majeski, by order and command of defendant Mary Teppert, who, it is claimed, at that time was the employer of Majeski.

The assault was with a large shovel by the hands of Majeski, and plaintiff was injured. The assault was admitted by Majeski, who claimed he acted in self-defense. Defendant Teppert denied that she gave any order or command to Majeski to strike plaintiff or that she was in any way a party to the assault.

The testimony was very conflicting and no useful purpose would be served by a recital of the details.

The case was submitted to the jury upon a charge by the court of which neither party complains. The jury returned a verdict of guilty against both defendants and made an assessment of plaintiff's damages.

The sole question involved in this appeal is: Did the court err in entering judgment upon the verdict as rendered by the jury?

The material portions of the proceedings subsequent to the retirement of the jury for deliberation are as follows:

"*The Court*: Members of the jury, I understand that you wanted one additional instruction?

"*The Foreman*: Yes, Your Honor. We have decided the case, but we are not sure how to bring our verdict in.

"*The Court:* The form of the verdict?

"*The Foreman*: The form of the verdict.

"*The Court*: As I told you this morning, there are three different forms of verdict that you can bring. You want the language of the form I suppose?

"*The Foreman*: Yes.

"*The Court*: * * * I will start over again. We find both defendants guilty and assess damages in favor of the plaintiff at so much, whatever the amount is.

"We find the defendant Harvey Majeski guilty and the defendant Mrs. Teppert not guilty and assess damages in favor of the plaintiff at so much, whatever the amount is. We find both defendants not guilty. * * * If you do not find Majeski guilty, of course, you could not find Mrs. Teppert guilty.

"*The Foreman*: Can there be a different price assessed on both defendants or do we have to stipulate on one price?

"*The Court*: It would be the same amount of damages for each, if you find any damages, necessarily so."

(Jury returns to court room at 3:45 P. M.)

"*The Clerk*: Members of the jury, have you agreed upon a verdict?

"*The Foreman*: We have. * * *

"*The Clerk*: What is your verdict?

"*The Foreman*: We, the jury, find the defendants Harvey Majeski and Mrs. Mary Teppert guilty,

and the sum of $1,500 from each to be awarded to the plaintiff Mr. Schneider.

"*The Court*: It is $1,500 altogether or $1,500 against each?

"*The Foreman*: $1,500 against each.

"*The Court*: $3,000 in all?

"*The Foreman*: Yes, $1,500 assessed against each.

"*The Court*: Do you mean assessed against each defendant?

"*The Foreman*: Separately.

"*The Court*: The whole verdict is $3,000, but $1,500 against each?

"*The Foreman*: Yes. * * *

"*The Court*: You have listened to your verdict, members of the jury; is that correct?

"*The Foreman*: Yes, $1,500 against each, or the sum of $3,000.

"*The Court*: Does anybody disagree with that?

"*The Jurors*: No.

"*The Court*: All right, you can go home."

It is apparent from the record that none of the attorneys were present in court at the time of the rendition of the verdict. The following morning, the attorneys being present, the court made this statement:

"Late yesterday afternoon the jury in this case attempted to render a verdict, what transpired has been read to Mr. Callahan and Mr. Tarsney, and I now understand that Mr. Callahan suggests, in view of what happened, that the total lump sum of damages to be rendered in favor of the plaintiff be the sum of $1,500, and that a judgment be entered against both defendants in that amount, to-wit, $1,500.

"That is true, is it, Mr. Callahan?

"*Mr. Callahan*: That is true, Your Honor.

"*The Court*: Mr. Tarsney, do you consent that be done?

"*Mr. Tarsney*: To which, on behalf of the defendants, I object."

The court then attempted to reconvene the jury, securing the presence of 11 of them, and it was then found that one juror had, the evening before, been excused by the presiding judge of the circuit court. His presence was obtained and the court suggested that the case be resubmitted to the jury, to which an objection was interposed by counsel for defendants. He objected to the excused juror mingling with the rest of the jurors and to any resubmission of the case, stating:

"It is not alone because of the improper form but primarily because of the juror having been excused from the panel."

The court then stated:

"I will accept the verdict and on motion of counsel for plaintiff direct the clerk to enter a judgment against both defendants in the total sum of $1,500."

Counsel for defendants made a motion for a new trial upon the ground that no verdict, or no proper verdict, had been rendered upon which the judgment of the court could be based. The motion was denied and this appeal followed.

Defendants contend that the form of the verdict returned by the jury was improper and that no proper judgment was entered in conformity with the verdict returned, citing *Rathbone* v. *Railway,* 187 Mich. 586, and *Rodgers* v. *Canfield,* 272 Mich. 562. We think these cases are easily distinguishable from the instant one. In the *Rathbone Case,* the jury returned a verdict for $10,000 in the following form:

"Verdict for plaintiff, $10,000—against the Detroit United Railway, $6,000; against Good Roads Construction Company, $4,000."

The judgment entered upon the verdict as rendered recited:

"They assess the plaintiff's damages on occasion of the premises, over and above his costs and charges by him about his suit in this behalf expended, at the sum of $10,000, and they apportion said amount of $10,000 as follows: $6,000 against the Detroit United Railway, and $4,000 against the defendant the Good Roads Construction Company."

The judgment entered pursuant to this verdict and recital in the judgment entry was against both defendants for the sum of $10,000.

The prevailing opinion was for reversal of the case for the reason that the verdict was excessive, and also for the reason that the jury had assessed damages against the appellant, Detroit United Railway, for the sum of $6,000 and not $10,000. The court said, p. 598:

"Had the plaintiff chosen to have the judgment entered in accordance with the terms of the verdict rendered (and the entry of any other judgment was wholly unwarranted), a different question would be presented, and under the authorities cited it might be held that the appellant had no cause of complaint, because in any event the jury had found it guilty and assessed the damages against it at the sum of $6,000. That, however, was not done, and we are now dealing with a judgment against the appellant for $10,000, when the verdict of the jury as to it was that it should be condemned in the sum of $6,000. It seems to me that common sense, as well as law, forbids such a result."

We think the language above quoted clearly indicates that if the judgment entered had been for the amount of the verdict rendered against appellant, it would have had no cause for complaint. How-

ever, it could be readily seen that the other defendant against whom the jury assessed damages at the sum of $4,000 would have had grounds for complaint because of the entry of a judgment against it in excess of the amount of damages assessed by the jury. It will be noted that the judgment entered did not purport to follow the verdict rendered, which was against Detroit United Railway in the sum of $6,000 and against Good Roads Construction Company in the sum of $4,000.

In the instant case, the judgment followed the verdict as rendered as against each defendant and we do not see why the defendants have cause to complain. The jury found that plaintiff had sustained damages in the sum of $3,000 and by their verdict clearly indicated their intention to make each defendant liable for the sum of $1,500. The judgment as rendered makes them jointly liable for the smaller sum, and neither can claim prejudicial error in the entry thereof.

In the *Rodgers Case, supra,* the jury returned a verdict in the following form:

"Our verdict is in favor of the plaintiff on the terms of $6,000 damages, $4,000 on Mr. Wilson Canfield and $2,000 on Bert Van Ark."

The court then asked if the jury found both defendants guilty of negligence, and was informed that such was the case and that the total damages of plaintiff amounted to $6,000. The court then instructed the jury as follows:

"You will retire to your jury room for reconsideration of your verdict. If you find both of these defendants guilty of negligence, you will return a verdict in one sum against both defendants for the total amount of plaintiff's damages. If you find,—

I will read it. again,—if you find both of these defendants guilty of negligence, you will return a verdict in one sum against both defendants for the total amount of plaintiff's damages. I think that is clear. You will return to your jury room, gentlemen.''

Appellants contend that the trial court should have pursued this action in the instant case. If the court had done so, the jury would have been required to have returned a verdict against both defendants for the sum of $3,000. Therefore, if there was error in entering judgment on the verdict rendered, it was without prejudice to defendants. As it stands, the judgment and verdict against defendants is only for $1,500, whereas the jury by their verdict had said that both defendants were guilty of the assault charged and had found and assessed damages at the sum of $3,000. If there was error, as defendants contend, it did them no harm as it was in their favor.

We think further discussion of the case unnecessary. We find no error in the action of the trial court in accepting the verdict of the jury as rendered, and, on motion of plaintiff, in entering judgment against both defendants for the sum of $1,500.

In entering judgment, the trial court did not exceed the authority granted by 3 Comp. Laws 1929, §§ 14148, 14149 (Stat. Ann. §§ 27.842, 27.843).

Our determination that no reversible error was committed is not in conflict with *Bowerman* v. *Detroit Free Press,* 279 Mich. 480, wherein we held that the verdict and judgment must be reversed because the damages had been assessed in varying amounts.

Our conclusion finds support in the following decisions of this court as well as decisions of other jurisdictions.

See *People* v. *Foote,* 1 Doug. (Mich.) 102; *Lockwood* v. *Drake,* 1 Mich. 14; *Sleight* v. *Henning,* 12 Mich. 371; *Moffet* v. *Sebastian,* 149 Mich. 451; *Rabior* v. *Kelley,* 194 Mich. 107; *Jewell* v. *Rogers Township,* 208 Mich. 318; *Robertson & Wilson Scale & Supply Co.* v. *Richman,* 212 Mich. 334.

The judgment is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, POTTER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.