*In re* SORTER'S ESTATE.
DAVIS *v.* GRAYDEN.

1. WILLS—MENTAL COMPETENCY—FORM OF VERDICT—JUDGMENT.
    In will contest in which court had properly instructed jury that
    the only question for its consideration was whether or not
    testatrix was mentally competent to make a will at the time
    alleged will was executed, where foreman of jury first stated
    that jury agreed testatrix ''was incompetent at the time of
    making the will,'' and trial court ascertained that verdict was
    ''that she was mentally incompetent,'' verdict as originally
    announced was proper and where correction was assented to by
    the jury, the entry of a correct judgment was within the au-
    thority of the trial court under the statutes of amendments
    (3 Comp. Laws 1929, §§ 14148, 14149).

2. TRIAL—INQUIRY AS TO MEANING OF VERDICT—FORM.
    Inquiries of jurors in court, and amendments for the purpose of
    putting in due form what a jury means by its finding, are
    unobjectionable (3 Comp. Laws 1929, §§ 14148, 14149).

3. SAME—AMENDMENT OF VERDICT—INTENT.
    Where the intention of the jury is ascertainable the court may
    amend the verdict, correct manifest errors of form, and some-
    times matters of substance, to make it conform to the inten-
    tion of the jury (3 Comp. Laws 1929, §§ 14148, 14149).

4. SAME—ASSENT TO VERDICT.
    The jury's act of assent to a verdict by the express answer to
    the clerk at the polling in open court, or by the silence which
    implies an assent, is final.

5. SAME—VERDICT—WILL CONTEST—MENTAL COMPETENCY.
    Action of trial court in will contest, wherein jury returned ver-
    dict that testatrix was incompetent at the time of making the
    will, in ascertaining that the verdict was that she was mentally
    incompetent of making the will was not error (3 Comp. Laws
    1929, §§ 14148, 14149).

Appeal from Genesee; Elliott (Philip), J. Submitted April 11, 1946. (Docket No. 93, Calendar No. 43,141.) Decided May 13, 1946.

In the matter of the estate of Alice Moad May Sorter, deceased. The will of the deceased was presented for probate. On trial in circuit court, verdict was for contestants. Judgment entered thereon. Proponents appeal. Affirmed.

*John F. Young,* for proponents.

*Neithercut & Neithercut, Blackney & Cameron* and *George H. Bradt III,* for contestants.

Boyles, J. One Alice Moad May Sorter executed a will in 1939, naming appellants herein as executor and executrix. She died December 17, 1943; appellants filed the instrument in probate court with a petition for admission to probate; and the appellees herein filed notice of contest, claiming that the testatrix was mentally incompetent at the time the alleged will was made. After hearing, the probate judge entered an order admitting the will to probate, the contestants appealed and the case was heard in the circuit court by a jury, which found that the testatrix was mentally incompetent at the time the will was made. Judgment was entered accordingly, from which the proponents appeal.

Four questions were originally relied upon by appellants for reversal, of which the first two complained of alleged errors in charging the jury. These have been expressly abandoned by appellants in their brief, and the two remaining questions relied upon for reversal relate to claimed error by the trial court in receiving the verdict of the jury.

The court had properly instructed the jury that the only question for its consideration was whether the testatrix was mentally competent to ·make a will at the time the alleged will was executed. When the jurors returned into court, having arrived at a verdict, the following took place:

"*The Clerk:* Members of the jury: Have you agreed upon a verdict? And if so, who will speak for you?

"*The Foreman:* The jury agrees that Alice Sorter was incompetent at the time of making the will.

"*The Court:* That she was mentally incompetent of making the will. Is that your verdict? Say yes or no.

"*The Foreman:* Yes.

"*The Clerk:* Members of the jury: Listen to your verdict as recorded. You have agreed that Alice Sorter was mentally incompetent of making the will?

"*The Court:* That is the will of June 14, 1939. Ask that, if that is the will?

"*The Clerk:* That is your verdict?

"*The Foreman:* Yes. * * *

"*The Clerk:* So say you, members of the jury?

"*The Jury:* Yes."

Appellants claim that the court erred in questioning the jury after the foreman had first announced their verdict, and that the verdict as entered is ambiguous. The essence of appellants' claim is that the foreman of the jury in first announcing the verdict did not state that the testatrix was "mentally" incompetent at the time of making the will, and that the "first" verdict was the only one the court could receive.

In view of the instructions given to the jury, that the only question for their determination was whether the testatrix had sufficient mental capacity to make a will, it is obvious that the jury answered

this sole issue of fact in the negative. Judgment was entered in proper language and form to that effect. The jury rendered a verdict on the sole issue submitted to it, against the proponents and in favor of the contestants. The trial court, in a commendable exercise of caution, hesitated to accept the verdict as first stated by the foreman, without it having been announced that the testatrix was "mentally" incompetent. The verdict as originally announced by the foreman was not an uncommon phraseology, even when used by members of the legal profession. We note in the record that counsel for the appellants, in referring to the charge of the court after it was given and before the jury was sworn, said:

"*Mr. Young:* If your honor please, I believe it would be proper to instruct the jury that she is presumed to be competent."

It is to be noted that counsel did not use the term "mentally" competent.

That this omission is no stranger in the law, where in the context it is used to refer to testamentary capacity, see *O'Connor* v. *Madison,* 98 Mich. 183; *In re Johnson's Estate,* 286 Mich. 213; *In re Rowling's Estate,* 291 Mich. 218; *In re Getchell's Estate,* 295 Mich. 681; *In re Vallender's Estate,* 310 Mich. 359.

In *Schneider* v. *Teppert,* 292 Mich. 675, after the foreman of the jury had announced the verdict, the circuit judge inquired of the jury at some length as to the meaning of their verdict. Thereafter a correct judgment was entered, and on appeal the defendants contended that the form of the verdict was improper and that no proper judgment was entered. In denying this contention the court said (p. 682):

"In entering judgment, the trial court did not exceed the authority granted by 3 Comp. Laws 1929, §§ 14148, 14149 (Stat. Ann. §§ 27.842, 27.843)." (Statutes of amendments.)

In *People* v. *Foote,* 1 Doug. (Mich.) 102, plaintiff sued in replevin. The jury returned a verdict saying: "This jury find for the plaintiff." The trial court refused to enter a judgment for the plaintiff, on the ground that the verdict did not, *in form,* award that the right to the property was in the plaintiff, and that the defendants had wrongfully detained it. The court rejected this contention, saying (p. 103):

"It is perfectly clear that the jury intended to determine the issue against the defendants, and, although their verdict was informal, the justice ought to have entered it according to the substantial finding, and to have rendered judgment."

In the instant case the language of the verdict was corrected by the foreman before it was entered. The procedure employed by the trial judge in the instant case was approved by this court in *Sleight* v. *Henning,* 12 Mich. 371 (syllabus):

"Juries rarely give very formal verdicts; and inquiries of the jurors in court, and amendments for the purpose of putting in due form what the jury mean by their finding, are unobjectionable."

In *Rabior* v. *Kelley,* 194 Mich. 107, the court said (p. 117):

"There can be no doubt that where the intention of the jury is ascertainable the court may amend the verdict, correcting manifest errors of form, and sometimes matters of substance, to make it conform to the intention of the jury."

It is apparent that when the jury in the instant case found the testatrix to be incompetent they were using the word in the ordinary layman's sense but

had meant thereby to determine the issue against proponents. The correction in the verdict suggested by the trial judge was assented to by the jury. In *People* v. *Pizzino,* 313 Mich. 97, this court (p. 105) quoted with approval the following language from 8 Wigmore on Evidence (3d Ed.), p. 704, § 2355:

"The act of assent to a verdict is constituted by the express answer to the clerk at the polling in open court, or by the silence which implies an assent. This outward act is final."

No claim is made by appellants that the verdict is contrary to the great weight of the evidence. The trial court did not err in the manner of receiving and entering the verdict.

The judgment is affirmed, with costs to appellees.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, NORTH, and STARR, JJ., concurred.