Curtis Neal SCRUGGS,
Plaintiff-Appellant,

v.

Merlin OTTEMAN, Stanley W. Henson,
Jr., and James K. Wise,
Defendants-Appellees.

No. 79CA0450.

Colorado Court of Appeals,
Div. III.

Nov. 12, 1981.

Rehearing Denied Dec. 10, 1981.

Bragg & Dubofsky, P. C., Frank N. Dubofsky, Boulder, for plaintiff-appellant.

Zarlengo, Mott & Zarlengo, John C. Mott, Denver, for defendants-appellees.

KIRSHBAUM, Judge.

In this medical malpractice action, plaintiff, Curtis Neal Scruggs, appeals a jury verdict against him and in favor of defendants, Drs. Merlin Otteman, Stanley W. Henson, Jr., and James K. Wise. We reverse.

The record reveals that on Saturday, July 14, 1973, plaintiff was hospitalized for severe abdominal pains. The attending emergency room physician noted in his medical report that plaintiff complained of symptoms often indicative of a perforated ulcer. Defendant Henson, a general surgeon, treated plaintiff on Saturday and Sunday with a nasogastric tube. He elected to refrain from administering antibiotics and from operating.

Plaintiff's condition worsened, and on Monday, July 17, Henson consulted with defendants Otteman and Wise, general sur-

geons with whom he was associated. After reviewing plaintiff's medical history and charts, they concluded plaintiff had a bowel obstruction requiring surgical intervention. Otteman and Wise proceeded with surgery on Tuesday, July 17. They then discovered that plaintiff had a perforated ulcer. A surgical procedure termed a pyloroplasty and vagotomy was performed to correct the problem. After the surgery, plaintiff developed severe complications that resulted in permanent physical damage.

Plaintiff's complaint alleged that Henson negligently treated him immediately after his hospital admission. The complaint also alleged two separate claims against Otteman and two separate claims against Wise based on theories of negligent conduct in performing the July 17 surgery. Each of these five claims included a prayer for individual liability, and each defendant filed an answer which alleged that such defendant appeared "separately and apart from the other defendants."

At the conclusion of the evidentiary portion of the trial, the trial court denied plaintiff's request to submit three instructions and verdict forms to the jury. The jury was given two verdict forms requiring the jury either to find all defendants negligent or to find all defendants not negligent.

Plaintiff asserts on appeal that the trial court committed prejudicial error by failing to submit his tendered verdict forms to the jury. We agree.

When several physicians act independently of each other in the course of rendering medical services to a single patient, they generally are not jointly liable for the acts of each other that may result in injury to the patient. *See Livesay v. First National Bank*, 36 Colo. 526, 86 P. 102 (1906); *Rose v. Sprague*, 248 Ky. 635, 59 S.W.2d 554 (1933). On the other hand, when several physicians act in concert or are jointly employed, each may be held responsible for the negligent conduct of any or all of the others. *See Bolles v. Kinton*, 83 Colo. 147, 263 P. 26 (1928); *Crump v. Piper*, 425 S.W.2d 924 (Mo.1968). Imposi-

tion of liability in such circumstances is often premised upon joint tortfeasor principles. *See, e.g., Rodgers v. Canfield*, 272 Mich. 562, 262 N.W. 409 (1935); *Manley v. Coleman*, 19 Ohio App. 284 (1924). Other courts have reached the same result on the basis of partnership concepts. ·*See, e.g., Simons v. Northern Pacific Ry. Co.*, 94 Mont. 355, 22 P.2d 609 (1933); *Wemmett v. Mount*, 134 Or. 305, 292 P. 93 (1930).

These principles recognize that a physician should be responsible for his own negligent conduct. *See Rodgers v. Canfield, supra; see also Annot.*, 85 A.L.R.2d 889. They also recognize that a physician, even if negligent, is not thereby an insurer against the negligent acts of other physicians. Thus, the duty of care a physician owes to a patient is defined in part by the facts which that physician knew or reasonably should have known about the patient and the treatment rendered to that patient by other physicians.

In this case, plaintiff's complaint alleged separate claims for relief against each of the three physicians. The conflicting evidence was sufficient to permit the jury to conclude that one, two, or even all three defendants were negligent. Thus, plaintiff was entitled to have the jury consider separately his claims against each of the three defendants. The trial court's instructions, coupled with the two verdict forms indicating that the jury must find either all defendants negligent or all defendants not negligent, incorrectly stated the law and prevented the jury from fully considering the plaintiff's theory of the case. Under the pleadings and the evidence here, the trial court's refusal to provide the jury with three verdict forms as requested by plaintiff constitutes error.

Because they may well arise on re-trial, we address other issues raised by plaintiff.

Plaintiff contends that the trial court erred in refusing to permit him to introduce certain portions of defendants' depositions as substantive evidence. We agree.

At trial, plaintiff requested permission to read certain parts of defendants' deposi-

tions to the jury as substantive evidence as part of plaintiff's case. The trial court denied the motion but permitted plaintiff to use the statements in the depositions for impeachment purposes.

C.R.C.P. 32 governs the use of depositions of a party at trial. Subsection (a)(2) provides that "the deposition of a party . . . may be used by an adverse party for any purpose." Pursuant to this rule, a plaintiff may introduce a portion of an available defendant's deposition as evidence, rather than call the defendant as his witness, if no other rules of evidence are violated and if prior to its admission a showing of some legitimate purpose is made. *Stauffer v. Karabin*, 30 Colo.App. 357, 492 P.2d 862 (1971). The trial court has discretion to exclude repetitious matter and to require counsel to identify the relevant portions of a deposition. *See Coughlin v. Capitol Cement Co.*, 571 F.2d 290 (5th Cir. 1978).

Here, plaintiff established the relevance and non-cumulative nature of the deposition testimony, and no rule of evidence otherwise bars the admission of such testimony. The plaintiff having fully complied with the requirements of C.R.C.P. 32, the trial court's denial of plaintiff's request was an abuse of discretion. *See Stauffer v. Karabin, supra.*

Plaintiff also contends that the trial court erred in refusing to permit cross-examination of an expert witness by use of a particular medical textbook. At the time of trial in this case, a medical expert could not be cross-examined by means of a medical writing that he neither relied upon in forming his opinion nor considered authoritative. *Wall v. Weaver*, 145 Colo. 337, 358 P.2d 1009 (1961). In the event this issue arises again on re-trial, we note that Colorado Rule of Evidence 803(18) provides criteria for the utilization of learned treatises in the cross-examination of expert witnesses.

Plaintiff also challenges the trial court's instruction to the jury defining the relevant standard of care to be exercised by physicians practicing in a particular locale. Having failed to tender any supplementary

instruction on this issue to the trial court, plaintiff is in no position to claim prejudicial error on appeal.

■ Plaintiff's contention that the trial court erred here in instructing the jury with respect to the necessity of expert testimony to establish the requisite standard of care is without merit.

The judgment is reversed and the cause is remanded for a new trial.

BERMAN and KELLY, JJ., concur.